[No. 13276-1-II.   Division Two.   July 22, 1992.]

PAUL STRYKEN, *Appellant,* v. NORMAN PANELL, ET AL, *Respondents.*

*C. Scott Sage* and *Valdez & Sage,* for appellant.

*Janet M. Watson* and *Tucker & Stein,* for respondents.

ALEXANDER, J. — Paul Stryken appeals a judgment of the Grays Harbor County Superior Court rescinding a contract for the purchase of real estate from Norman and Ruth Panell. He contends that the trial court erred in granting him the equitable relief of rescission, rather than affirming the contract and awarding him damages for breach of contract. He also claims that the trial court erred in not allowing him to reopen; not awarding him prejudgment interest on a portion of the restitution award; and not granting him

attorney's fees. We reverse the trial court insofar as it failed to award him attorney's fees for trial and prejudgment interest on the portion of the restitution award for the cost of a new roof and pumping the septic tank. We affirm the decision in all other respects.

In early 1987, Paul Stryken became interested in purchasing a residence at Ocean Shores that was owned by Norman and Ruth Panell. Stryken, who was in the construction business, twice inspected the property before agreeing to purchase it. During one inspection, Norman Panell pointed out a "chimney flashing" problem as well as some problems in a downstairs bathroom. Stryken asked Norman Panell "if there's any other problems with the home" and Panell indicated that there were none.

Stryken and the Panells eventually entered into an agreement whereby the Panells agreed to sell the house to Stryken for $38,000. Per the agreement, Stryken was to pay the purchase price by assuming a then existing $28,000 mortgage and by making two installment payments of $5,000. The agreement also contained the following provision:

> CONDITION OF SEPTIC TANK. Seller warrants that the septic tank serving the property: (1) is in good working condition and Seller has no knowledge of any needed repairs; and (2) Meets all applicable governmental, health, construction and other standards.

After Stryken purchased the home, he fixed the chimney and bathroom problems that Norman Panell had called to his attention. Stryken then rented the house to Charles Pearcy and returned to his job in Alaska. Pearcy soon became aware of several other problems with the home and he reported these to Stryken. Pearcy said that when it rained, the toilet in the downstairs bathroom would not flush, the washing machine would back up, and raw sewage would run into the yard. He also told Stryken that the home had electrical problems and the roof leaked. Stryken reroofed the house at a cost of $4,214.98 and repaired the

electrical system for $250. He also paid to have the septic tank pumped on three occasions.

Eventually Stryken filed a complaint for "damage and/or rescission" against the Panells in Grays Harbor County Superior Court. Following trial, the trial court ordered rescission, based on its finding of mutual mistake.[1] In an effort to "place the parties back, as closely as possible, to their original position", the trial court ordered the Panells to pay Stryken restitution as follows: (a) $4,230.32 for the down payment;[2] (b) $4,214.98 for the cost of a new roof; (c) $314.76 for the cost of pumping the septic tank.

Stryken moved to reopen, seeking to submit evidence as to the cost of repairing the downstairs bathroom. He also moved for an award of attorney fees, pursuant to a provision in the contract providing for an award of fees to the party who successfully institutes suit to enforce any rights under the contract, and for prejudgment interest on the amount awarded to him to reimburse the costs of the new roof and pumping the septic tank. The trial court awarded prejudgment interest on the portion of the restitution award

---

[1]Findings of fact V, VI, and VII provide as follows:

"V.

"At the time Plaintiff and Defendants entered into the above-referenced Real Estate Purchase and Sale Agreement and Plaintiff took possession of said home, neither Plaintiff nor Defendants were aware that the septic tank serving the property was defective and not in good working order.

"VI.

"Neither party would have entered into the Real Estate Purchase and Sale agreement for the sale and purchase of the subject property had they been aware of the defective condition of the septic tank.

"VII.

"The defective condition of the septic tank is material."

[2]The purchase and sale agreement indicates that the first installment of the down payment was $5,000. The trial court's findings indicate, however, that the down payment was approximately $4,200 plus the earnest money paid. Its award of damages for the down payment in the amount of $4,230.32 appears, therefore, not to include an amount for earnest money paid by Stryken. We do not know why that amount was not included in the award, but the issue has not been raised in this appeal.

representing the down payment, but only from the date the complaint was filed. It denied all of Stryken's other motions.

## ELECTION OF REMEDIES

Stryken argues that the trial court erred in granting rescission and restitution, rather than finding a breach of the express warranty and awarding damages. He claims that the trial court erred in granting an equitable remedy because " '[e]quity does not intervene when there is a complete and adequate remedy at law.' " *Roon v. King Cy.*, 24 Wn.2d 519, 526, 166 P.2d 165 (1946) (quoting *Ballard v. Wooster*, 182 Wash. 408, 413, 45 P.2d 511 (1935)).

■■ What Stryken fails to note is that the plaintiff has a right to seek an equitable remedy if he so chooses, and is not confined to the legal remedy of damages. *See Oman v. Yates*, 70 Wn.2d 181, 184, 422 P.2d 489 (1967).

> When an executory contract for the sale of real estate has been breached by the seller, the purchaser has the option to institute an action for specific performance of the contract or for damages resulting from the breach, or to seek only rescission of the contract by returning possession of the property contracted for and recovering only the amount of his down payment.

*McKown v. Driver*, 54 Wn.2d 46, 55, 337 P.2d 1068 (1959). Here, although Stryken contends in his brief that he did not seek rescission, it is evident from a reading of the prayer of his complaint that he sought rescission of the sale agreement and restitution of "all funds paid to date for the purchase of the subject real estate."

His prayer for relief read as follows:

> 1. For judgment against Defendants and each of them and against their marital community for damages in a manner and amount to be proven at trial;
> 2. For rescission of the contract of sale and restitution of all funds paid to date toward the purchase of the subject real property, or as a result of Plaintiff's ownership of said real property together with compensation for all materials furnished and hours worked by Plaintiff or others in repairing the subject property. . . .

While, as we have noted, it is clear that Stryken sought rescission of the contract and restitution, it is not so clear

that he sought damages for breach of contract. Even assuming, however, that Stryken's prayer for relief can be interpreted as a request for damages for breach of contract, as an alternative to his request for rescission and restitution, his argument still fails. We reach that conclusion because Stryken did not withdraw either one of his theories for recovery. When remedies, although inconsistent, are pleaded in the alternative and prosecuted to final judgment, the court's choice becomes the pleading party's choice. *McKown v. Driver, supra.* Because Stryken elected to plead for an equitable remedy as well as a legal remedy, he is now bound by the trial court's election between the remedies prayed for in the complaint.

> One is bound by an election of remedies when all of the three essential conditions are present: (1) the existence of two or more remedies at the time of the election; (2) inconsistency between such remedies; and (3) a choice of one of them. The prosecution to final judgment of any one of the remedies constitutes a bar to the others.

(Citations omitted.) *McKown*, 54 Wn.2d at 55 (citing *Stewart & Holmes Drug Co. v. Reed*, 74 Wash. 401, 405, 133 P. 577 (1913)).

### PREJUDGMENT INTEREST

Stryken also claims that the trial court erred in not awarding him prejudgment interest on the amount he was awarded as restitution for the cost of a new roof and the cost of pumping the septic tank. Stryken is correct in this regard.

Prejudgment interest is allowable when an amount claimed is liquidated. *Prier v. Refrigeration Eng'g Co.*, 74 Wn.2d 25, 442 P.2d 621 (1968). A claim is liquidated where the evidence furnishes data which, if believed, makes it possible to compute the amount with exactness, without reliance on opinion or discretion. *Hansen v. Rothaus*, 107 Wn.2d 468, 730 P.2d 662 (1986).

Here the exact cost of the new roof and the cost of pumping the septic tank were definitely fixed by the evidence showing the amounts paid to the contractors to perform this

work. It was error not to award prejudgment interest on those amounts.

## ATTORNEY'S FEES

Stryken contends that the trial court erred in not awarding him attorney's fees, pursuant to the provisions of RCW 4.84.330, for bringing this action on a contract that provides for an award of attorney's fees and costs incurred to enforce its provisions. The trial court denied fees to Stryken, concluding that it could not award them because it had declared the contract void and unenforceable.

■ Had a contact been formed, Stryken would clearly be entitled to an award of fees. The more difficult question is whether one can be considered a prevailing party on an action on a contract where the court has found the contract to be null and void. Stryken cites an opinion by Division One of this court in *Herzog Aluminum, Inc. v. General Am. Window Corp.*, 39 Wn. App. 188, 692 P.2d 867 (1984), as authority for the proposition that the language "[i]n any action on a contract", which is found in RCW 4.84.330, encompasses any action in which it is "alleged that a person is liable on a contract." *Herzog*, 39 Wn. App. at 197. The Panells' counsel acknowledges the language in *Herzog*, but suggests that the case is distinguishable because the contract in that case was "voidable" rather than "void", as the trial court found here.

In *Herzog*, Division One engaged in an extensive analysis of the language of RCW 4.84.330. It also took considerable note of California appellate decisions interpreting a markedly similar California statute which apparently was the model for RCW 4.84.330. *Herzog*. These decisions, which Division One said were persuasive evidence of our Legislature's intent in creating RCW 4.84.330, interpreted California's statute as creating a right to fees in a defendant who successfully proved, in an action on a contract, that no contract had been formed. We agree with the court in *Herzog* that there is an entitlement to fees in such cases. The trial court erred in denying Stryken fees.

### DENIAL OF MOTION TO REOPEN

In view of our conclusion that the trial court did not err in granting rescission, it is unnecessary for us to deal with Stryken's claim that the trial court erred in denying his motion to reopen in order to allow him to present evidence of improvements he made to the property that were related to his claim for damages for breach of contract. Stryken claims that he did not present such evidence because he had no reason to believe the trial court would rescind the contract. As noted above, Stryken prayed for rescission, and he will not now be heard to say that he was surprised by the trial court's ruling.

The trial court's decision to rescind the contract is affirmed. Its rulings denying prejudgment interest and attorney's fees are reversed. We remand for a determination of prejudgment interest and attorney's fees.

PETRICH, C.J., and MORGAN, J., concur.

Reconsideration denied November 8, 1993.