[No. 21652-3-II.    Division Two.    August 13, 1999.]

PAUL YUAN, *Appellant*, v. RON CHOW, *Defendant*, JESSE
TAM, ET AL., *Respondents*.

*Keith Allen Kemper* of *Ellis, Li & McKinstry, P.L.L.C.*;
and *Charles Kenneth Wiggins*, for appellant.

*Andrew Lyn Symons*, for respondents.

ARMSTRONG, A.C.J. — Paul Yuan sued Ron Chow on a promissory note signed by Chow. Jesse Tam was joined as a third party defendant, and Yuan then made claim directly against Tam, alleging that Chow had signed the note on behalf of Tam. The trial court granted summary judgment in favor of Tam, ruling that the action was barred by the three-year statute of limitations governing oral agreements. The court also awarded Tam attorney's fees. We reversed on the authority of *Barnes v. McLendon*, 128 Wn.2d 563, 910 P.2d 469 (1996). Both parties have asked us to reconsider and address an issue not argued to the trial court: Should the 1993 amendment to RCW 62A.3-401 be retroactively applied? Because the parties agree that this purely legal question will resolve the case, we now address it and hold that the 1993 amendment is not retroactive. Accordingly, Yuan's action against Tam should be dismissed. And we affirm the award of attorney's fees.

## FACTS

Paul Yuan sued Ron Chow, claiming that Chow had defaulted on a promissory note payable to Yuan in the amount of $50,000. The note, dated December 1, 1988, was signed by Ron Chow with no reference to Jesse Tam or an agency relationship. After Chow joined Jesse Tam, Yuan and Chow both claimed that Chow was simply a middleman who obtained the loan for Tam's benefit. The trial

court granted Tam summary judgment and also awarded him attorney's fees of $35,000.

ANALYSIS
A. Should the 1993 amendment
to RCW 62A.3-401 be retroactively applied?

When the promissory note was signed in 1988, RCW 62A.3-401(1) and U.C.C. section 3-401(1) provided that "[n]o person is liable on an instrument unless his signature appears thereon." Former RCW 62A.3-401(1) (1992); Former U.C.C. § 3-401 (1964). Former RCW 62A.3-403 further provided, in part, that: "(2) An authorized representative who signs his own name to an instrument (a) is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity . . . ." Former RCW 62A.3-403(2)(a) (1992).

In 1990, Uniform Commercial Code Article 3, Negotiable Instruments, was significantly revised, and Washington adopted those revisions in 1993. *See* LAWS OF 1993, ch. 229 (effective July 1, 1994). RCW 62A.3-401 was changed to the following: "(a) A person is not liable on an instrument unless (i) the person signed the instrument, or (ii) the person is represented by an agent or representative who signed the instrument and the signature is binding on the represented person under RCW 62A.3-402." RCW 62A.3-401 (amended by LAWS OF 1993, ch. 229, § 41). The revised version of section 3-402 further provided that:

> (a) If a person acting, or purporting to act, as a representative signs an instrument by signing either the name of the represented person or the name of the signer, the represented person is bound by the signature to the same extent· the represented person would be bound if the signature were on a simple contract. If the represented person is bound, the signature of the representative is the "authorized signature of the represented person" and the represented person is liable on the instrument, whether or not identified in the instrument.

RCW 62A.3-402 (amended by LAWS OF 1993, ch. 229, § 42).

■ Under former sections 3-401(1) and 3-403(2)(a), Tam is not liable on the note because Chow signed the note personally without naming Tam or otherwise indicating that he was signing in a representative capacity. Under revised sections RCW 62A.3-401(a)(ii) and 3-402(a), Tam is liable on the note if Yuan can establish an agency relationship between Tam and Chow. Thus, Yuan argues that the 1993 revisions should be applied retroactively, while Tam argues that the 1993 changes should be applied prospectively only. We agree with Tam.

■ ■ Although amendments are generally applied prospectively, an amendment may be applied retroactively if "it is curative or remedial and intended to clarify rather than change the law." *Magula v. Benton Franklin Title Co.*, 131 Wn.2d 171, 181-82, 930 P.2d 307 (1997) (citing *Tomlinson v. Clarke*, 118 Wn.2d 498, 510-11, 825 P.2d 706 (1992)). A new legislative enactment is presumed to be an amendment rather than a clarification of existing law. *Johnson v. Morris*, 87 Wn.2d 922, 926, 557 P.2d 1299 (1976). "In general, legislative amendments change *unambiguous* statutes and legislative clarifications interpret *ambiguous* statutes." *Marine Power & Equip. Co. v. Human Rights Comm'n Hearing Tribunal*, 39 Wn. App. 609, 615, 694 P.2d 697 (1985) (citing *Overton v. Economic Assistance Auth.*, 96 Wn.2d 552, 557, 637 P.2d 652 (1981); *Vita Food Prods., Inc. v. State*, 91 Wn.2d 132, 134, 587 P.2d 535 (1978)). "An amendment is curative if it clarifies or technically corrects an ambiguous, older statute, without changing prior case law." *Magula*, 131 Wn.2d at 182 (citation omitted).

In arguing that the former version of section 3-401 was ambiguous, Yuan relies on the following language in the official comment to revised section 3-402:

> Former Section 3-401(1) stated that "no person is liable on an instrument unless his signature appears thereon." This was interpreted as meaning that an undisclosed principal is not liable on an instrument. This interpretation provided an exception to ordinary agency law that binds an undisclosed principal

on a simple contract. It is questionable whether this exception was justified by the language of former Article 3 and there is no apparent policy justification for it. The exception is rejected by subsection (a) which returns to ordinary rules of agency. . . . Under the prevailing interpretation of former Section 3-401(1), the principal was not liable on the note under former Section 3-401(1) because the principal's name did not appear on the note. Thus, nobody was liable on the note even though all parties knew that the note was signed by the agent on behalf of the principal. Under Section 3-402(a) the principal would be liable on the note.

U.C.C. § 3-402, Official Cmt. 1.

But the plain language of former U.C.C. section 3-401(1), "[n]o person is liable on an instrument unless his signature appears thereon," and its official comment from 1964 indicate that the statute was not ambiguous. The official comment to former section 3-401 states that it was reworded "[t]o make it clear that . . . [n]o one is liable on an instrument unless and until he has signed it." Former U.C.C. § 3-401, Official Cmt. 1. The rule's "chief application," according to the comment, was "in cases holding that a principal whose name does not appear on an instrument signed by his agent is not liable on the instrument even though the payee knew when it was issued that it was intended to be the obligation of one who did not sign." Former U.C.C. § 3-401, Official Cmt. 1.

Yuan attempts to create ambiguity by reading former sections 3-401(1) and 3-403(1) together. He argues that it is ambiguous to state in former section 3-401(1) that "[n]o person is liable on an instrument unless his signature appears thereon," and then to provide in former section 3-403(1) that "[a] signature may be made by an agent or other representative, and his authority to make it may be established as in other cases of representation." Yuan contends that, read together, these sections suggest that an agent's signature might serve as that of the principal.

But former section 3-403 is not inconsistent with section 3-401(1). Former section 3-403 simply provides that an au-

thorized agent may sign on behalf of a principal and further establishes the liability of the agent if he fails to disclose his agency status or the principal. Subsection 2(a) of former section 3-403 provides: "An authorized representative who signs his own name to an instrument . . . is personally obligated if the instrument neither names the person represented nor shows that the representative signed in a representative capacity[.]" The official comment to this section specifically acknowledges that a principal is not liable on the instrument if the agent signs his own name but does not indicate that he is signing in a representative capacity:

> Subsection (2) applies only to the signature of a representative whose authority to sign for another is established. If he is not authorized his signature has the effect of an unauthorized signature (Section 3-404). *Even though he is authorized the principal is not liable on the instrument, under the provisions (Section 3-401) relating to signatures, unless the instrument names him and clearly shows that the signature is made on his behalf.*

Former U.C.C. § 3-403, Official Cmt. 2 (emphasis added).

Yuan also argues that the 1993 revision is more likely to be a clarification because Washington courts have not interpreted section 3-401. But language nearly identical to former section 3-401 was interpreted in *Security State Bank v. Adkins*, 134 Wash. 94, 235 P. 18 (1925). Just as in this case, the alleged agent, Adkins, signed a promissory note in his own name without reference to the alleged principal, Collins. *Id.* at 98-99. The negotiable instrument statute reviewed by the Supreme Court in *Adkins*[1] contained the following language:

> § 3409. No person is liable on the instrument whose signature does not appear thereon, except as herein otherwise expressly provided. . . .

> § 3410. The signature of any party may be made by a duly

---

[1]This statute was based on the Uniform Negotiable Instruments Law, the precursor to U.C.C., Article 3, Negotiable Instruments.

authorized agent. No particular form of appointment is necessary for this purpose; and the authority of the agent may be established as in other cases of agency.

*Adkins*, 134 Wash. at 99. Based on this language the Supreme Court said, "[I]t seems plain that these notes must be regarded as the personal obligations of Adkins alone, since the signature of Collins does not appear upon either of them either as maker, endorser, or otherwise." *Id.* Thus, Washington did adopt the "prevailing interpretation" that created an exception to ordinary agency law with regard to signatures on negotiable instruments.

Because the 1993 amendment to RCW 62A.3-401 is a substantive change that rejects the "prevailing interpretation" and expands liability on a written instrument to include represented parties, the amendment is prospective. *Accord Carelli v. Hall*, 279 Mont. 202, 926 P.2d 756, 761-62 (1996).

### B. Did the trial court err in awarding attorney's fees to Tam under RCW 4.84.330?

■ Yuan also asks us to consider whether the award of attorney's fees to Tam was proper. The trial court concluded that Tam was not obligated on the note but that he is entitled to attorney's fees, under RCW 4.84.330, as if he were a party to the note. Because the suit is an "action on a contract" and Tam is alleged to be a party to that contract, the trial court did not err in granting Tam attorney's fees.

RCW 4.84.330 provides:

In any action on a contract or lease entered into after September 21, 1977, where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.

. . . .

> As used in this section "prevailing party" means the party in whose favor final judgment is rendered.

In *Herzog Aluminum, Inc. v. General American Window Corp.*, Division One held that "the broad language '[i]n any action on a contract' found in RCW 4.48.330 encompasses any action in which it is alleged that a person is liable on a contract." *Herzog Aluminum, Inc. v. General Am. Window Corp.*, 39 Wn. App. 188, 197, 692 P.2d 867 (1984). Thus, in *Herzog*, the prevailing party in the lawsuit was entitled to attorney's fees, even though there had been no meeting of the minds as to the method of payment and, therefore, a contract had not been formed. *Id.* at 189-90, 197. The holding in *Herzog* was based on the California Supreme Court's interpretation of California's bilateral fee provision on which RCW 4.48.330 was modeled:

> Section 1717 was enacted to establish mutuality of remedy where contractual provision makes recovery of attorney's fees available for only one party, and to prevent oppressive use of one-sided attorney's fees provisions.
>
> Its purposes require section 1717 be interpreted to further provide a reciprocal remedy for a nonsignatory defendant, sued on a contract as if he were a party to it, when a plaintiff would clearly be entitled to attorney's fees should he prevail in enforcing the contractual obligation against the defendant.

*Herzog Aluminum*, 39 Wn. App. at 196 (citing *Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 599 P.2d 83, 85, 158 Cal. Rptr. 1 (1979)). We followed *Herzog* in *Stryken v. Panell*, citing Division One's extensive analysis of the language of RCW 4.48.330. *Stryken v. Panell*, 66 Wn. App. 566, 572, 832 P.2d 890 (1992).

Under RCW 4.84.330 and *Herzog*, Tam is entitled to attorney's fees because he is the "prevailing party" in an action to collect on a promissory note with a unilateral fee provision. But citing *Mutual Security Financing v. Unite*,

68 Wn. App. 636, 847 P.2d 4 (1993), Yuan argues that if a person is not a party to the contract, he cannot be held liable for attorney's fees under the contract and, therefore, cannot recover attorney's fees under the contract as the prevailing party. Yuan misreads the holding in *Mutual Security*. In *Mutual Security*, defendant Unite executed a promissory note to a mortgage company. The promissory note was secured by a deed of trust. Unite then quitclaimed to Guzman the property that was subject to the deed of trust. The deed stated that it was subject to the deed of trust, but Guzman did not sign the promissory note. The holder of the note, Mutual Security, sued both Unite and Guzman to recover amounts owed on the note. *Mutual Sec.*, 68 Wn. App. at 637-38, 640. Citing former RCW 62A.3-401(1), Division One said Guzman could not be held liable on the note because she did not sign the instrument. *Mutual Sec.*, 68 Wn. App. at 640. The court rejected Mutual Security's claim that Guzman could be sued on the note because it evidenced the amount that she owed on the underlying deed of trust. *Id.* at 640-42. The court then concluded that Guzman was not entitled to attorney's fees under RCW 4.84.330 because she did not sign the note. *Id.* at 643.

But *Mutual Security* is distinguishable based on the language of the fee provision in the promissory note. The fee provision in *Mutual Security* provided that "[i]f any suit or action is instituted to collect this note or any part thereof the *undersigned promise(s)* and agree(s) to pay . . . a reasonable sum as attorney's fees in such suit or action." *Id.* at 642-43 (emphasis added). Because Guzman did not sign the promissory note, under the terms of the note, Mutual Security could not have recovered attorney's fees even if they had prevailed in the action. Therefore, Guzman could not recover fees against Mutual Security under the bilateral statutory provision. *Id.* at 643.

Here, the promissory note provides that "[a]ll makers, endorsers, sureties, guarantors, and all other parties of this note . . . promise to pay, upon any default, all costs of col-

lection and reasonable attorney's fee incurred or paid by the holder in protecting or enforcing its right under this note." Based on this broad language, if Yuan had prevailed in the present action under an agency theory, he could have enforced the fee provision of the promissory note against Tam. This is true because, as the principal, Tam is a party to the contract. Because the purpose of the bilateral fee provision of RCW 4.48.330 is to provide mutuality of remedy, the trial court did not err in awarding attorney's fees to Tam. *See Herzog*, 39 Wn. App. at 196-97.

In conclusion, the 1993 amendment to RCW 62A.3-401 is prospective only. Yuan's claim against Tam is dismissed, but the award of attorney's fees to Tam is affirmed. Tam is also entitled to reasonable attorney's fees on appeal in an amount to be set by a commissioner of this court, provided he complies with RAP 18.1.

MORGAN and HOUGHTON, JJ., concur.

Reconsideration denied September 13, 1999.

Review denied at 140 Wn.2d 1006 (2000).