782

[No. 61333-2-I.   Division One.   December 15, 2008.]

TIMOTHY J. KAINTZ ET AL., *Respondents*, v. PLG, INC.,
*Appellant.*

*Darren A. Feider* and *Daniel W. Ferm* (of *Williams Kastner & Gibbs, PLLC*), for appellant.

*George A. Purdy*, for respondents.

¶1 DWYER, J. — Mutuality of remedy is an equitable principle, recognized in the case law of Washington, that can support the award of attorney fees to the prevailing party in an action brought on a contract. Today we explicitly hold that this equitable principle can support such an award even in circumstances in which the party that prevailed did so by establishing that the contract at issue was unenforceable or inapplicable. Accordingly, we affirm the trial court's order awarding attorney fees herein.

## I

¶2 Timothy and Kerri Kaintz and Kelmark, LLC, are the respective owners of two separate parcels of commercial property, each of which was leased to Draper Enterprises, Inc. Each lease contained a bilateral attorney fee provision. The lease between the Kaintzes and Draper provided:

> All costs, expenses and reasonable attorney fees that may be incurred or paid by either party in enforcing the provisions of this lease shall be recovered by the prevailing party from the other.

The lease between Kelmark and Draper provided:

> If an attorney is retained or a lawsuit is instituted to enforce any provision contained herein the non-breaching party shall be paid by the breaching party its costs and attorney's fees incurred to enforce the lease.

¶3 PLG, Inc., took over Draper's business, but neither PLG nor Draper obtained the landlords' consent to the assignment of the leases from Draper to PLG. After the landlords and PLG were unable to negotiate a new lease agreement, the landlords filed this unlawful detainer action seeking a writ of restitution and an award of both money damages and attorney fees pursuant to the lease provisions.

¶4 PLG answered, denying the landlords' claims and counterclaiming that it was entitled to retain possession of the premises on the theory that the landlords either had consented to Draper's assignment of the leases or were

estopped from asserting such a lack of consent. Specifically, PLG sought a declaratory judgment and injunctive relief, contending that the landlords had breached both the terms of the leases and each lease's implied covenant of quiet enjoyment. PLG argued that it had detrimentally relied on the landlords' actions and that the landlords had been unjustly enriched by PLG's tenancy. Finally, PLG prayed for an award of attorney fees "under the terms of the leases and any other legal or equitable basis." However, in August 2007, before the scheduled trial date, PLG abandoned the premises.

¶5 In January 2008, the landlords moved for summary judgment dismissal of PLG's counterclaims and for an award of attorney fees. In opposition to the landlords' motion, PLG argued that no basis existed authorizing an award of attorney fees because there was no contract between the parties. PLG also argued that attorney fees should not be awarded because the landlords had not prevailed, given that PLG abandoned the properties while still asserting a counterclaim for unjust enrichment.

¶6 The trial court granted the landlords' motion, awarding them attorney fees based upon the lease provisions and dismissing PLG's counterclaims with prejudice, finding that those related to possession had become moot and that those unrelated to possession lacked support. The trial court denied PLG's subsequent motion for reconsideration. PLG appeals from the order awarding attorney fees, contending that the order was entered without statutory or other authority.

## II

¶7 In Washington, attorney fees may be awarded when authorized by a contract, a statute, or a recognized ground in equity. *Fisher Props., Inc. v. Arden-Mayfair, Inc.,* 106 Wn.2d 826, 849-50, 726 P.2d 8 (1986). Whether a specific statute, contractual provision, or recognized ground in equity authorizes an award of fees is a question of law

and is reviewed de novo. *Tradewell Group, Inc. v. Mavis*, 71 Wn. App. 120, 126, 857 P.2d 1053 (1993).

## III

■ ¶8 PLG first contends that the trial court erred by relying on RCW 4.84.330 as authorization for the award of attorney fees.[1] This is so, PLG asserts, because the landlords were not "prevailing parties" within the meaning of the statute. We agree that RCW 4.84.330 does not authorize an award of attorney fees in this case but so hold for an entirely different reason.

■ ¶9 RCW 4.84.330 provides:

> In any action on a contract or lease . . . where such contract or lease specifically provides that attorney's fees and costs, which are incurred to enforce the provisions of such contract or lease, shall be awarded to one of the parties, the prevailing party, whether he is the party specified in the contract or lease or not, shall be entitled to reasonable attorney's fees in addition to costs and necessary disbursements.
>
> Attorney's fees provided for by this section shall not be subject to waiver by the parties to any contract or lease . . . . Any provision in any such contract or lease which provides for a waiver of attorney's fees is void.
>
> As used in this section "prevailing party" means the party in whose favor final judgment is rendered.

¶10 By its terms, RCW 4.84.330 applies only to contracts with unilateral attorney fee provisions. As we have previously noted, "where, as here, the agreement already contains a bilateral attorneys' fee provision, RCW 4.84.330 is generally inapplicable." *Hawk v. Branjes*, 97 Wn. App. 776, 780, 986 P.2d 841 (1999); *accord Walji v. Candyco, Inc.*, 57

---

[1] In its memorandum decision, the trial court cites both to case authority arising under RCW 4.84.330 and to case authority applying equitable principles. If the order was proper under either approach, we may affirm it. *Mendez v. Palm Harbor Homes, Inc.*, 111 Wn. App. 446, 460-61, 45 P.3d 594 (2002) (where trial court based its judgment on both legal and equitable theories, the correctness of the equitable theory by itself was sufficient to justify affirmance).

Wn. App. 284, 288, 787 P.2d 946 (1990) (where contract at issue contains a bilateral attorney fee clause, the statutory "prevailing party" provision of RCW 4.84.330 does not control over the contract's plain language). Because the leases at issue herein contained bilateral attorney fee clauses, RCW 4.84.330 does not apply.

## IV

¶11 The question before us, then, narrows to this: Does there exist a recognized ground in equity that authorizes the trial court's order in this case? We answer this question in the affirmative and identify the equitable ground as the principle of mutuality of remedy.

¶12 Washington's courts have regularly applied this equitable principle in deciding cases—even though the principle itself was seldom specifically identified. For instance, in *Park v. Ross Edwards, Inc.*, 41 Wn. App. 833, 706 P.2d 1097 (1985), we were presented with a dispute arising out of a contract with a bilateral attorney fee clause. We upheld the trial court's ruling that the contract was not enforceable because there had been no meeting of the minds on a change to a material term of the agreements. *Park*, 41 Wn. App. at 836-37. We noted that, because the contract was ineffective, the attorney fee clause would not—under traditional approaches to contract analysis—be considered effective. But we also noted that, had there been a unilateral attorney fee clause rather than a bilateral attorney fee clause in the agreement, RCW 4.84.330 would have allowed an attorney fee recovery to the party who prevailed by proving the invalidity of the contract. *Park*, 41 Wn. App. at 838-39 (" 'any action on a contract . . . encompasses any action in which it is alleged that a [party] is liable on a contract' " (internal quotation marks omitted) (quoting *Herzog Aluminum, Inc. v. Gen. Am. Window Corp.*, 39 Wn. App. 188, 197, 692 P.2d 867 (1984))). We noted the inequitability of this circumstance:

> Certainly it makes little sense to allow a [party] who successfully defends a suit for specific performance by proving the

absence of a contract to collect attorney's fees only if the purported contract included a unilateral attorney's fee provision but not if it included a bilateral provision.

*Park*, 41 Wn. App. at 839. Accordingly, we affirmed the attorney fee award. In reaching this decision, although we did not explicitly announce that we were so doing, we plainly applied the equitable principle of mutuality of remedy.

¶13 Later, in *Yuan v. Chow*, 96 Wn. App. 909, 918, 982 P.2d 647 (1999), the equitable principle underlying our decisions and legislative enactments was openly identified, when the court noted that "the purpose of the bilateral fee provision of RCW 4.84.330 is to provide mutuality of remedy."[2]

¶14 More recently, the Supreme Court applied this equitable principle in deciding *Mt. Hood Beverage Co. v. Constellation Brands, Inc.*, 149 Wn.2d 98, 63 P.3d 779 (2003). In that case, wine distributors brought an action against out-of-state wine suppliers pursuant to former chapter 19.126 RCW (2000).[3] The Supreme Court held that, although the suppliers successfully argued that former chapter 19.126 RCW was void as violating the dormant commerce clause,[4] the suppliers could nevertheless recover their attorney fees pursuant to RCW 19.126.060,[5] which authorizes an award of attorney fees to the prevailing party in an action brought pursuant to the

---

[2] The phrase "mutuality of remedy" first appears in our case law discussing attorney fee awards in *Herzog*, wherein we quoted the California Supreme Court as explaining California's statutory counterpart to RCW 4.84.330 as being " 'enacted to establish mutuality of remedy.' " *Herzog*, 39 Wn. App. at 196 (quoting *Reynolds Metals Co. v. Alperson*, 25 Cal. 3d 124, 128, 599 P.2d 83, 158 Cal. Rptr. 1 (1979)).

[3] Former chapter 19.126 RCW " 'govern[ed] the relationship between suppliers of malt beverages and wine and their wholesale distributors . . . .' " *Mt. Hood*, 149 Wn.2d at 104 (second alteration in original) (quoting former RCW 19.126.010(2) (1984)).

[4] U.S. Const. art. I, § 8, cl. 3.

[5] RCW 19.126.060 provides, "In any action brought by a wholesale distributor or a supplier pursuant to this chapter, the prevailing party shall be awarded its reasonable attorney's fees and costs."

statute. The court based its decision on an application of the principles discussed in *Herzog* and other cases discussing the application of RCW 4.84.330, even though that statute did not apply to the case at hand. The court noted that "the same principles apply": had the distributors prevailed in defending the validity of the statute, they would have been entitled to an award of attorney fees under the statute. *Mt. Hood*, 149 Wn.2d at 121. The court further noted that the legislature had intended for RCW 19.126.060 to apply reciprocally. Thus, based on the "same principles" as those in *Herzog*, the court held that the award of attorney fees was proper, even though the suppliers had prevailed by proving the statute to be invalid. *Mt. Hood*, 149 Wn.2d at 121-22.[6]

¶15 Thus, it is clear that mutuality of remedy exists as a "well recognized principle of equity" in Washington. *Mt. Hood*, 149 Wn.2d at 121.

V

¶16 The next question presented is whether the principle of mutuality of remedy authorizes the award of attorney fees where a party prevails in an action brought on a contract that contains a bilateral attorney fee clause (rendering RCW 4.84.330 inapplicable) by establishing the invalidity or unenforceability of the contract. Again, we answer this question in the affirmative. Our decision in *Park*, in which we so held, and the Supreme Court's decision in *Mt. Hood*, in which a similar conclusion was reached concerning a statutory entitlement rather than a contractual entitlement mandate this conclusion.

VI

¶17 We must next determine how, given that the equitable principle of mutuality of remedy may authorize an

---

[6] The Supreme Court explicitly endorsed and applied the *Herzog* rule in *Labriola v. Pollard Group, Inc.*, 152 Wn.2d 828, 839, 100 P.3d 791 (2004) ("Attorneys fees and costs are awarded to the prevailing party even when the contract containing the attorney fee provision is invalidated.").

award of attorney fees in a case of this type, is the trial court to determine whether such an award is to be made? The answer is simple. As we set forth in *Hawk*, it is the terms of the contract to which the trial court should look to determine if such an award is warranted. *Hawk*, 97 Wn. App. at 779-80; *accord Walji*, 57 Wn. App. at 288.

## VII

¶18 The final question, then, is whether the trial court erred by determining that the attorney fee clauses in the leases authorized the award made in the order entered. The trial court's decision was correct.

¶19  The lease between the Kaintzes and Draper provided:

All costs, expenses and reasonable attorney fees that may be incurred or paid by either party in enforcing the provisions of this lease shall be recovered by the prevailing party from the other.

The lease between Kelmark and Draper provided:

If an attorney is retained or a lawsuit is instituted to enforce any provision contained herein the non-breaching party shall be paid by the breaching party its costs and attorney's fees incurred to enforce the lease.

The landlords brought this unlawful detainer action seeking to remove PLG; PLG asserted counterclaims, including a claim for an award of attorney fees under the leases, before subsequently abandoning the premises. PLG's counterclaims were dismissed with prejudice. Under the language of the bilateral fee provisions in both lease agreements, the landlords are clearly the prevailing parties and, thus, entitled to an award of fees. There was no error.

## VIII

¶20 Finally, the landlords request an award of attorney fees on appeal. Such an award is appropriate. Subject to

compliance with RAP 18.1, a commissioner of this court will enter an appropriate order.

¶21 Affirmed.

SCHINDLER, C.J., and GROSSE, J., concur.