

COURT OF APPEALS DI
STATE OF WASHINGTON

2014 MAR -3 AM 9: 18

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| HAFID TAHRAOUI, an individual, | ) |
| | ) No. 69009-4-I |
| Appellant, | ) |
| | ) DIVISION ONE |
| v. | ) |
| | ) |
| PAN ABODE HOMES, INC. | ) UNPUBLISHED OPINION |
| a Washington corporation, | ) |
| | ) |
| Respondent. | ) FILED: March 3, 2014 |
| | ) |

BECKER, J. — Hafid Tahraoui filed this action alleging that Pan Abode Homes breached the terms of a license agreement when it evicted him from rented storage space. When he failed to make any showing that an enforceable agreement with Pan Abode existed on the date of the eviction, the trial court properly dismissed Tahraoui's claim and awarded Pan Abode attorney fees as the prevailing party under the attorney fee provision of the license agreement. We affirm.

## FACTS

Beginning in 2001, Tahraoui leased storage space in Renton from Pan Abode Homes for his equipment salvage business. In June 2005, the parties

entered into a license agreement that permitted either party to terminate the relationship on 30 days' notice.

On September 1, 2005, Tahraoui gave Pan Abode 30 days' written notice that he was terminating the agreement and vacating the premises by October 1, 2005. When Tahraoui failed to vacate the space after October 1, 2005, Pan Abode filed an unlawful detainer action.

The trial court found that Tahraoui was in unlawful detainer as of October 1, 2005, and issued a writ of restitution. The sheriff evicted Tahraoui on February 2, 2006, and Pan Abode disposed of his remaining property. On appeal, this court affirmed the writ of restitution and judgment entered in favor of Pan Abode. Pan Abode Homes, Inc. v. Abdulfhafid, noted at 140 Wn. App. 1040 (2007), review denied, 164 Wn.2d 1014 (2008) (Pan Abode 1).

On September 11, 2011, Tahraoui filed a complaint for damages alleging that Pan Abode had wrongfully disposed of his property without giving him an opportunity to remove it. Tahraoui raised claims of breach of contract, negligence, tortious breach of contract, constructive bailment, conversion, violation of the Consumer Protection Act, and negligent infliction of emotional distress. Pan Abode moved for summary judgment. Just before the hearing on the summary judgment motion, Tahraoui moved to amend his complaint by withdrawing all tort claims, leaving only his breach of contract claim.

On April 13, 2012, the trial court granted Tahraoui's motion to amend the complaint and entered summary judgment in favor of Pan Abode. The court denied Pan Abode's request for attorney fees under CR 11 and RCW 4.84.185, but awarded attorney fees totaling $11,330.00 under the fee provision in the license agreement. The court limited the award to fees reasonably incurred in responding to Tahraoui's breach of contract claim. Tahraoui appeals.

## ANALYSIS

### Timeliness of the Appeal

Initially, Pan Abode contends that Tahraoui's appeal was untimely and must therefore be dismissed. Generally, a party must file a notice of appeal within 30 days of a final judgment. RAP 5.2(a). A timely motion for reconsideration in the trial court, however, extends that period until 30 days after entry of the order denying reconsideration. RAP 5.2(e).

Pan Abode argues that although Tahraoui filed a motion for reconsideration within 10 days of the final judgment, the motion was legally insufficient to extend the time for filing the notice of appeal because it did not "identify the specific reasons in fact and law as to each ground on which the motion is based." CR 59(b). We disagree.

In his motion for reconsideration, Tahraoui asserted that the trial court had erred by granting summary judgment in Pan Abode's favor and awarding attorney fees and by failing to find that Pan Abode had breached the license

agreement. As announced in the motion, Tahraoui later filed a supporting memorandum setting forth the specific arguments supporting the request for reconsideration. Under the circumstances, Tahraoui's motion was sufficient to comply with RAP 5.2(e). See In re Det. of Turay, 139 Wn. App. 379, 391, 986 P.2d 790 (1999) (motion for reconsideration asking for 30 days in which to identify the specific reasons in law and fact to support the motion was sufficient to extend time to file a notice of appeal under RAP 5.2(e)), cert. denied, 531 U.S. 1125 (2001). Tahraoui's appeal was timely.

Standard of Review

An appellate court reviews summary judgment orders de novo, undertaking the same inquiry as the trial court. See Greenhalgh v. Dep't of Corr., 160 Wn. App. 706, 714, 248 P.3d 150 (2011). We consider the materials before the trial court and construe the facts and inferences in the light most favorable to the nonmoving party. Hubbard v. Spokane County, 146 Wn.2d 699, 706-07, 50 P.3d 602 (2002). Summary judgment is proper only if there is no genuine issue of material fact. CR 56(c); Hubbard, 146 Wn.2d at 707.

Appearance of Fairness

For the first time on appeal, Tahraoui contends that the trial court's comments and rulings during oral argument on summary judgment violated the appearance of fairness doctrine and deprived him of a fair hearing. But because an appearance of fairness claim is not "constitutional" under RAP 2.5(a)(3), an

-4-

appellate court will generally not consider it for the first time on appeal. In re Marriage of Wallace, 111 Wn. App. 697, 705, 45 P.3d 1131 (2002), review denied, 148 Wn.2d 1011 (2003); State v. Morgensen, 148 Wn. App. 81, 90-91, 197 P.3d 715, review denied, 166 Wn.2d 1007 (2008). Tahraoui's contentions are also without merit.

To prevail on an appearance of fairness claim, Tahraoui must present evidence of the judge's actual or potential bias. State v. Gamble, 168 Wn.2d 161, 187, 225 P.3d 973 (2010). The "critical concern in determining whether a proceeding satisfies the appearance of fairness doctrine is how it would appear to a reasonably prudent and disinterested person." Chi., Milwaukee, St. Paul. & Pac. R.R. v. Wash. State Human Rights Comm'n, 87 Wn.2d 802, 810, 557 P.2d 307 (1976).

Tahraoui claims that the trial judge demonstrated bias in favor of Pan Abode when he asked two questions about Pan Abode's rights during the period after he had terminated the agreement but failed to remove his property. The record shows that the questions and comments were part of the court's patient attempts to elicit the precise legal basis for Tahraoui's allegations that Pan Abode had breached the license agreement. Viewed in context, the challenged remarks did not reflect bias or hostility toward either party.

Tahraoui's claim that the trial court ignored his arguments and decided legal issues by relying on Pan Abode's "advice" is also without merit. In granting

Tahraoui's motion to amend the complaint, the trial court merely confirmed that Tahraoui understood Pan Abode's position that the amendment would not eliminate potential liability for attorney fees already incurred in responding to the tort claims. The court took no position on the merits of Pan Abode's claim and eventually denied attorney fees unrelated to the contract claim. Tahraoui raised no objection to the court's comments and expressly acknowledged that "I have no issue with that." The court's comments about attorney fees do not support any inference of bias.

Finally, Tahraoui asserts, without further explanation or reference to the record, that the trial court rejected his "viable" legal arguments. The transcript of the summary judgment hearing demonstrates that the trial court gave Tahraoui a full and fair opportunity to present his arguments. The mere fact that the court ruled adversely to Tahraoui does not support the slightest inference of bias or prejudice. See Rhinehart v. Seattle Times Co., 51 Wn. App. 561, 579-80, 754 P.2d 1243, review denied, 111 Wn.2d 1025 (1988), cert. denied, 490 U.S. 1015 (1989).

Breach of the License Agreement

Tahraoui contends that Pan Abode "breached the parties' license agreement, or breached an *implied contract*" in February 2006 when it evicted him. As the party asserting the existence of a contract, Tahraoui bears the burden of establishing the essential elements, including the subject matter of the

contract, the parties, the promise, the terms and conditions, and the consideration. DePhillips v. Zolt Constr. Co., 136 Wn.2d 26, 31, 959 P.2d 1104 (1998).

It is undisputed that Tahraoui terminated the license agreement as of October 1, 2005, and that he was in unlawful detainer as of that date. See Pan Abode 1. Tahraoui claims, however, that the agreement imposed an implied duty on Pan Abode to grant him additional time, not only past the termination date of October 1, 2005, but also for some unspecified period of time past the eviction date of February 2, 2006, in which to remove his property. He fails to identify any evidence or legal theory suggesting the existence of such an implied term of the license agreement. This court will decline to address issues unsupported by cogent legal argument or citation to relevant authority. Saunders v. Lloyd's of London, 113 Wn.2d 330, 345, 779 P.2d 249 (1989).

Tahraoui's reliance on Kloss v. Honeywell, Inc., 77 Wn. App. 294, 890 P.2d 480 (1995), is misplaced. In Kloss, the court determined that the parties' written employment agreement, which provided generally for the employee's compensation but did not specify an amount, imposed an implicit obligation on the employer "to pay him [a reasonable amount] for that work." Kloss, 77 Wn. App. at 300. The court held that under the circumstances, the written contract was enforceable and fell within the six-year statute of limitations.

Kloss has no application to the facts here. Tahraoui failed to demonstrate any factual issue indicating that the license agreement contained any term—express or implied—imposing an obligation on Pan Abode to provide him access to the premises past February 2, 2006. The trial court properly dismissed Tahraoui's breach of contract claim on summary judgment.

Tahraoui also asserts that his claims "should be viable" under the equitable tolling doctrine. In very limited circumstances, equitable tolling "permits a court to allow an action to proceed when justice requires it, even though a statutory time period has elapsed." In re Pers. Restraint of Bonds, 165 Wn.2d 135, 141, 196 P.3d 672 (2008). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." Millay v. Cam, 135 Wn.2d 193, 206, 955 P.2d 791 (1998). But Tahraoui amended his complaint to eliminate all of his tort claims. He makes no showing that Pan Abode's alleged bad faith prevented him from pursuing any of this claims. Consequently, the equitable tolling doctrine does not apply.

## Attorney Fee Award

Tahraoui contends that the trial court erred in awarding attorney fees to Pan Abode. He argues that the trial court misinterpreted the rule in Park v. Ross Edwards, Inc., 41 Wn. App. 833, 837, 706 P.2d 1097, review denied, 104 Wn.2d

1027 (1985), when it based the award on the bilateral attorney fee provision in the license agreement rather than on equitable principles. Tahraoui is mistaken.

Under the terms of the parties' license agreement, the "substantially prevailing party in any litigation arising hereunder" was entitled to reasonable attorney fees and costs. Under Edwards, the party who prevails in an action based on a contract containing a bilateral attorney fee provision may recover attorney fees by establishing the invalidity or unenforceability of the contract. Although such an award is based on the equitable principle of "'mutuality of remedy,'" the trial court's award of fees does not depend on the consideration of equitable factors in an individual case. See Kaintz v. PLG, Inc., 147 Wn. App. 782, 789, 197 P.3d 710 (2008), quoting Yuan v. Chow, 96 Wn. App. 909, 918, 982 P.2d 647 (1999). Rather, when determining whether an award is warranted, "it is the terms of the contract to which the trial court should look." Kaintz, 147 Wn. App. at 790.

Tahraoui alleged that Pan Abode breached the terms of the license agreement when it failed to provide him access to the premises after February 2, 2006. When he failed to make any showing that the license agreement was still in effect on that date, the trial court properly awarded Pan Abode attorney fees under the fee provision of the agreement. See Edwards, 41 Wn. App. at 838-39 (in dispute arising out of a contract, prevailing party entitled to attorney fees even though the contract was not enforceable); Kaintz, 147 Wn. App. at 790

(prevailing party in action on a contract entitled to attorney fees after establishing that there was no enforceable contract between parties).

Tahraoui also challenges the amount of the attorney fee award. He argues that Pan Abode's counsel spent too many hours on the contract issue, that his hourly rate was excessive, and that some of the billed charges were wasteful. We review the amount of an attorney fee award for an abuse of discretion. Morgan v. Kingen, 166 Wn.2d 526, 539, 210 P.3d 995 (2009).

Pan Abode's counsel submitted detailed billing records to document the attorney fee request. In his supporting declarations, counsel explained that in accordance with the trial court's decision, he had segregated, to the extent possible, all fees not associated with Tahraoui's contract claim. Counsel also described his professional experience and stated that his billing rates—$230 per hour for 2011 and $240 in 2012—were his usual rates for this period and were consistent with other practitioners of similar experience in the Seattle area. In making the award, the trial court expressly found that counsel's rates were reasonable, did not reflect duplicated or unproductive time, and did not include time spent defending against noncontract claims.

As he did in the trial court, Tahraoui asserts that counsel's hourly rate was excessive for the Seattle area. But this allegation rests solely on hearsay statements from four unnamed Seattle attorneys. The trial court granted Pan

Abode's motion to strike the allegations, and Tahraoui has not challenged that decision on appeal.

Tahraoui further asserts that counsel should have spent no more than 10 hours in responding to his appeal, rather than about 42 hours, that counsel spent too many hours preparing the attorney fee request, and that the billing records reflected wasteful efforts. But Tahraoui fails to support these conclusory allegations with any meaningful discussion of specific billing entries or references to the record. Under the circumstances, he has not demonstrated any abuse of discretion in the amount of the attorney fee award.

Attorney Fees on Appeal

Pan Abode has requested an award of attorney fees on appeal. RAP 18.1(a). Such an award is appropriate under the terms of the license agreement. See Kaintz, 147 Wn. App. at 790-91. The request is granted subject to compliance with RAP 18.1(d).

Affirmed.

Becker, J.

WE CONCUR:

Leach, C.J.

Appelwick, J.

-11-