IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION II

| | |
|---|---|
| ERIC C. BETTEN and MICHAEL R. McPHERSON, as Co-Personal Representatives of the Estate of Julia H. Betten, Deceased, | No. 54507-1-II |
| Respondents, | |
| v. | |
| ALLEN McPHERSON and NIKKALA McPHERSON, husband and wife, and the marital community comprised thereof; and J. DOES 1-10 and all other occupants of 1148 S. Pekin Rd., Woodland, WA 98674, | UNPUBLISHED OPINION |
| Appellants. | |

PRICE, J. — Allen and Nikkala McPherson[1] appeal the superior court's decision granting

the personal representatives' summary judgment motion in a quiet title action. Three years before

the quiet title action, the personal representatives received possession of the property following a

foreclosure action. The McPhersons argue that the initial foreclosure was improper because notice

was not properly served. We find that arguments related to the foreclosure are barred by collateral

estoppel. The McPhersons also raise additional issues that we decline to consider. Finally, the

McPhersons argue that the superior court erred by granting the personal representatives' request

for attorney fees and that we should deny the personal representatives' request for attorney fees on

---

[1] Because the appellants share the same last name, they are referred to using their first names and collectively as the McPhersons.

appeal. We decline to consider the superior court's grant of attorney fees and decline the personal representatives' request for fees on appeal. We affirm the superior court.

FACTS

## I. BACKGROUND

In 2008, Allen acquired property using a loan from his stepfather. The deed was conveyed to "Allen McPherson, a married man, as his separate estate." Clerk's Papers (CP) at 23 (internal quotation marks omitted). At the time, Allen was legally married although he and his wife Nikkala had been separated since 1994.[2] In exchange for the loan, Allen executed and delivered a promissory note payable to his stepfather in the principal sum of $229,000. Allen also executed and delivered a deed of trust on the property to his stepfather in which he stated that he was granting the deed as "a married man, as his separate estate." CP at 52.

Allan never made payments on the promissory note. His stepfather died in March 2014, and Allan's mother then took title to the promissory note and deed of trust. She died six months later.

## II. 2015 FORECLOSURE ACTION

The personal representatives of Allen's mother's estate brought a foreclosure action in 2015 against Allen and "Jane Doe McPherson, his wife, and all other persons or parties unknown claiming any right, title, estate, heir or interest in the [property]." CP at 66. In his answer to the complaint, Allen stated that he was "unmarried." CP at 81.

---

[2] Nikkala filed for dissolution in 1994, but the dissolution was never completed and later dismissed for failure to prosecute.

The summons was served by publication for unknown defendants. After more than sixty days following the first publication, when no unknown defendants had appeared or answered the complaint, the superior court entered an order of default and a judgment against unknown defendants. The superior court ordered that the defaulted defendants were "forever barred and foreclosed" from further action except for the statutory right of redemption. CP at 77.

Allen opposed the foreclosure action by arguing that the purported loan was a gift. However, the only supporting evidence he provided was his own testimony about Carl's statements. The evidence was stricken by the superior court under the dead man's statute. The superior court granted the personal representatives summary judgment against Allen. Allen filed a motion for reconsideration that was denied, and the decision was not appealed.

The personal representatives purchased the property at the execution sale and received the deed to the property.

III. 2018 QUIET TITLE ACTION

After the sale, Allen refused to leave the property and instead claimed that he and Nikkala had a community interest in the property. Thus, in 2018, the personal representatives brought a claim for quiet title, trespass, and ejectment against the McPhersons. The McPhersons again asserted that the loan was actually a gift. They also argued that the foreclosure action was invalid because Nikkala had not been properly served.

The personal representatives filed a partial motion for summary judgment on the quiet title claim. In response, the McPhersons filed their own motion for summary judgment arguing that the foreclosure action was invalid. In addition to arguing that the loan was a gift and service on Nikkala was improper, the McPhersons argued that the personal representatives had breached their

fiduciary duties. The superior court denied the McPhersons motion for summary judgment and granted summary judgment to the personal representatives on the quiet title claim. When the McPhersons again refused the leave the property, the superior court issued a writ of ejectment.

Following the entry of the judgment and the issuance of the writ, the personal representatives filed a motion for an award of costs and attorney fees arguing that they were entitled to costs and fees. The personal representatives argued that an award of fees was warranted because they were forced to bring a second action to obtain possession and clear title of the property and had to reargue many of the issues adjudicated in the foreclosure action. The personal representatives also argued that the continued refusal of the McPhersons to leave the property, even after the superior court rendered judgment quieting title, forced them to obtain and enforce a writ of ejectment.

The promissory note provided that the prevailing party in an action arising out of the note is entitled to its reasonable attorney fees. The deed of trust also stated that the grantor agreed to pay reasonable attorney fees in a foreclosure action arising out of the deed. Additionally, under Washington law, a superior court may in its discretion grant costs including reasonable attorney fees to any party in proceedings involving trusts and decedent's estates and properties. RCW 11.96A.150. The superior court granted the personal representatives their fees, finding that they were entitled to them by contract and statute.

The McPhersons appeal the superior court's orders and award of fees.

ANALYSIS

I. SUMMARY JUDGMENT

A. LEGAL PRINCIPLES

Summary judgment is appropriate if there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law. CR 56(c). We review decisions on summary judgment de novo, engaging the same inquiry as the superior court viewing the facts and all reasonable inferences in a light most favorable to the nonmoving party. *Williamson, Inc. v. Calibre Homes, Inc.*, 147 Wn.2d 394, 398, 54 P.3d 1186 (2002). Whether collateral estoppel bars the relitigation of an issue is also reviewed de novo. *Christensen v. Grant County. Hosp. Dist. No. 1*, 152 Wn.2d 299, 305, 96 P.3d 957 (2004).

"Collateral estoppel, or issue preclusion, bars relitigation of an issue in a subsequent proceeding involving the same parties." *Id.* at 306. It is distinguished from claim preclusion or res judicata " 'in that, instead of preventing a second assertion of the same claim or cause of action, it prevents a second litigation of *issues* between the parties, even though a different claim or cause of action is asserted.' " *Id.* at 306 (internal quotation marks omitted) (quoting *Rains v. State*, 100 Wn.2d 660, 665, 674 P.2d 165 (1983)). Collateral estoppel applies only to issues that were actually litigated and were essential and finally determined in a prior proceeding. *Id.* at 307.

The party seeking application of collateral estoppel must demonstrate that four requirements are met for the doctrine to apply:

> (1) the issue decided in the earlier proceeding was identical to the issue presented in the later proceeding, (2) the earlier proceeding ended in a judgment on the merits, (3) the party against whom collateral estoppel is asserted was a party to, or in privity with a party to, the earlier proceeding, and (4) application of collateral estoppel does not work an injustice on the party against whom it is applied.

*Id.*

Pro se litigants are held to the same standard as attorneys and must comply with procedural rules on appeal. *In re Marriage of Olson*, 69 Wn. App. 621, 626, 850 P.2d 527 (1993). An appellant is required to set forth "argument in support of the issues presented for review, together with citations to legal authority and references to relevant parts of the record." RAP 10.3(a)(6). We need not consider arguments that are not supported by citations to the record or legal authority. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

B. APPLICATION

The McPhersons raise several arguments in their appeal of the superior court's summary judgment order. Most of the McPhersons' arguments appear to be directed to the validity of the foreclosure action. The McPhersons appear to argue that the superior court should have granted the McPhersons' motion for summary judgment because Nikkala was not properly served in the foreclosure action. They maintain that the lack of service on Nikkala violated her due process rights and Washington law, arguing that she should have been served individually and that even under service of an unknown defendant, Nikkala was not properly served. The McPhersons also argue that this failure to properly serve Nikkala in the foreclosure action was discrimination and a due process violation.

Arguably related to both the foreclosure and the quiet title, the McPhersons also argue that the personal representatives breached fiduciary duties by not following the mother's wishes in her will, singling out Allen to "cause harm," using their position as a weapon, and misrepresenting

facts to the superior court. Appellant's Opening Br. at 3, 4. They argue that the personal representatives brought the foreclosure action in bad faith and without legal basis.

The McPhersons have incessantly attempted to relitigate the foreclosure in this case.[3] We find that these arguments related to the foreclosure are barred by collateral estoppel. First, the issues are identical because, here, the McPhersons are raising issues directly related to the process of the foreclosure case and the validity of the title resulting from the sale. Second, the foreclosure action ended with the superior court granting the personal representatives' motion for summary judgment, which was a final judgment on the merits. Third, Nikkala was not only a party to the earlier proceeding as an unnamed defendant, she was also in privity with her husband Allen who was a party to the earlier proceeding. Fourth and finally, because there was an opportunity to litigate these issues during the foreclosure action and the McPhersons have not provided compelling reasons for why these issues were not raised in the first action, the application of collateral estoppel here does not result in injustice.

Because the requirements have been met, we find that the McPhersons' arguments regarding service of process and breach of fiduciary duty related to the foreclosure are barred by collateral estoppel.

For issues arguably unrelated to the foreclosure, such as additional alleged breaches of fiduciary duties by the personal representatives, the McPhersons fail to support their allegations

---

[3] Following the filing of a notice of appeal, the McPhersons requested that documents from the foreclosure action that were not a part of the record below be included on appeal. Our commissioner denied this request. Ruling by Comm'r (Sept. 29, 2020). The McPhersons then filed a motion requesting to modify the notice of appeal to include the foreclosure action. Our commissioner again denied this "back door attempt to bring an untimely appeal in the [foreclosure] case." Ruling by Comm'r (Nov. 20, 2020).

with citations to legal authority. Under RAP 10.3(a)(6), we may decline to consider "bald assertions" that fail to reference any legal authority. *Brummet v. Washington's Lottery*, 171 Wn. App. 664, 681, 288 P.3d 48 (2012). Therefore, we decline to address these arguments.

Finally, the McPhersons raise certain additional issues only in their reply brief and the supplement to their reply brief. They appear to argue, for example, that the personal representatives did not have standing to bring this claim and the statute of limitations related to the promissory note prevented the foreclosure. These issues generally appear to be yet another attempt to relitigate the foreclosure, but we decline to review them because an appellant may not raise new issues in a reply brief. RAP 10.3(c); *In re Marriage of Sacco*, 114 Wn.2d 1, 5, 784 P.2d 1266 (1990).[4]

## II. ATTORNEY FEES

### A. LEGAL PRINCIPLES

Attorney fees may also be awarded in "any action on a contract" where provided for in such contract to the prevailing party, even where the fees must be paid by an individual who was not originally a party to the contract. RCW 4.84.330; *Yuan v. Chow*, 96 Wn. App. 909, 915-16, 982 P.2d 647 (1999). "[A]n action is on a contract if the action arose out of the contract and if the contract is central to the dispute." *Seattle First Nat'l Bank v. Washington Ins. Guar. Ass'n*, 116 Wn.2d 398, 413, 804 P.2d 1263 (1991).

---

[4] The McPhersons argue for the first time on appeal that the personal representatives should have produced the original promissory note to the superior court instead of a copy. Because this argument was not made to the superior court, we decline to address it. RAP 2.5(a).

Additionally, attorney fees may be granted on appeal if the right to recover is granted by applicable law. RAP 18.1. "Contractual authority as a basis for an award of attorney's fees at trial also supports such an award on appeal." *Marine Enterprises, Inc. v. Sec. Pac. Trading Corp.*, 50 Wn. App. 768, 774, 750 P.2d 1290 (1988).

B. SUPERIOR COURT FEES

The McPhersons argue that the superior court incorrectly granted the personal representatives' attorney fees below. They offer no citations to statutes, case law, or the record in support of this contention. *See generally* Br. of Appellant. As explained above, pro se litigants are held to the same standard as attorneys. *In re Marriage of Olson*, 69 Wn. App. at 626. Under RAP 10.3(a)(6), we decline to address this issue.

C. FEES ON APPEAL

The personal representatives request that they be awarded their attorney fees and costs on appeal under contract.[5] We deny this request.

This action arose out of neither the promissory note nor the deed of trust, and those documents are not central to this dispute. This is a quiet title action that arose out of the McPhersons' refusal to relinquish control of property after the foreclosure. Although the McPhersons have attempted to make the promissory note and the deed of trust central to this dispute, their arguments are misplaced. Because this is not an action on a contract, we deny the personal representatives' request for attorney fees based on contract.

---

[5] The personal representatives did not ask for their fees under RCW 11.96A.150. Therefore, we do not address whether they would have been entitled to fees under the statute.

## CONCLUSION

In conclusion, we affirm the superior court and deny the personal representatives their fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

PRICE, J.

We concur:

MAXA, P.J.

VELJACIC, J.