# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| ALASKA STRUCTURES, INC.,<br>an Alaska corporation, | )<br>) |
| | ) |
| Appellant, | ) |
| | ) |
| v. | ) |
| | ) |
| CHARLES J. HEDLUND, | ) |
| | ) |
| Respondent. | ) |
| | ) |

DIVISION ONE

No. 76105-6-I

UNPUBLISHED OPINION

FILED: January 16, 2018

DWYER, J. — Alaska Structures, Inc. (AKS) appeals from the trial court's order awarding attorney fees and costs to Charles Hedlund. We conclude that the trial court erred by awarding Hedlund fees and costs incurred in advancing an unsuccessful legal theory. Accordingly, we reverse.

I

Hedlund was employed by AKS from February 2007 until January 2010. As a condition of his employment, Hedlund signed a confidentiality agreement (Agreement) that prohibited him from disclosing certain confidential information during and following his employment with AKS. The Agreement also contained a fee shifting provision, stating that "[i]n the event either party is required to institute legal action to enforce the provisions of this Agreement, the prevailing party in such litigation shall be entitled to recover its reasonable attorney's fees as well as costs, expenses and disbursements."

In March 2010, AKS was burglarized twice. The burglaries were part of a string of burglaries in the area and were publicized on television and in newspapers.

In August 2011, an anonymous user—later revealed to be Hedlund—posted a message on an Internet jobsite forum concerning the burglaries. The message criticized the security measures at AKS. Shortly thereafter, AKS filed a complaint in King County Superior Court against "John Doe," alleging that the poster was a party to the Agreement and had violated the Agreement by disclosing confidential information on a public website.

AKS subpoenaed Cox Communications, a Georgia entity, in order to identify the anonymous poster. Counsel for Hedlund objected to the subpoena.[1] AKS then filed a motion to compel, which Hedlund opposed. The Georgia court granted the motion and Hedlund was ultimately identified as the anonymous poster. AKS filed an amended complaint naming Hedlund as the defendant in this suit.

Hedlund argued that he was sued as a result of his postings to a public forum and moved to dismiss the claim pursuant to Washington's anti-SLAPP statute, RCW 4.24.525.[2] Following a hearing, the trial court found that the anti-SLAPP statute applied and that AKS was unable to demonstrate that its action

---

[1] Without identifying Hedlund as the attorney's client.

[2] Washington's anti-SLAPP statute, RCW 4.24.525, established a "special motion to strike any claim" that acted to immediately halt discovery pending resolution of the motion. If the moving party prevailed on the motion, the statute authorized an award of attorney fees and costs in connection with the motion as well as an additional award of $10,000. RCW 4.24.525(6)(a)(i), (ii). The anti-SLAPP statute was ruled unconstitutional in 2015. Davis v. Cox, 183 Wn.2d 269, 351 P.3d 862 (2015).

for violation of the Agreement had any merit. The trial court awarded Hedlund attorney fees and costs as well as an additional $10,000 pursuant to the anti-SLAPP statute.

AKS appealed the trial court's ruling to this court. We reversed the trial court's order, concluding that Hedlund did not meet the threshold standard for application of the anti-SLAPP statute. Alaska Structures, Inc. v. Hedlund, 180 Wn. App. 591, 603-04, 323 P.3d 1082 (2014). Our holding in that case addressed only the application of the anti-SLAPP statute. "The issue of whether Hedlund violated the confidentiality agreement may well lend itself to summary judgment dismissal, and Hedlund may be entitled to attorney fees under that contract." Hedlund, 180 Wn. App. at 603. A commissioner of this court awarded AKS costs totaling $6,180.57. Hedlund petitioned our Supreme Court for review, which it denied.

On remand, Hedlund moved for summary judgment asserting that AKS lacked proof that he had violated the agreement. The trial court granted his motion. The trial court also awarded Hedlund attorney fees and costs:

> The Court HEREBY Orders that pursuant to the [Agreement] that Defendant shall be awarded his reasonable attorney's fees and all costs incurred in this action to date, including fees and costs incurred in connection with the Georgia proceedings, the Division One Court of Appeals action, before the Washington State Supreme Court, and while litigating as a John Doe. These fees and costs shall be paid by Plaintiff [AKS]. The appellate cost award issued by the appellate courts against Hedlund is deemed a cost and as such it, and any interest, would be required to be repaid to Hedlund by [AKS].

Hedlund requested a total award of $148,734.52. The trial court reduced the fee award by $17,182.10, awarding fees and costs totaling $131,552.42. AKS appeals the award of fees and costs.

II

AKS contends that the trial court erred by awarding Hedlund attorney fees and costs associated with the anti-SLAPP motion. AKS asserts that it prevailed against Hedlund's anti-SLAPP motion and that, as a result, the hours spent advancing that legal theory should be discounted from the award. We agree.

A

"When reviewing an award of attorney fees, the relevant inquiry is first, whether the prevailing party was entitled to attorney fees, and second, whether the award of fees is reasonable." Ethridge v. Hwang, 105 Wn. App. 447, 459, 20 P.3d 958 (2001). "Whether a specific statute, contractual provision, or recognized ground in equity authorizes an award of fees is a question of law and is reviewed de novo." Kaintz v. PLG, Inc., 147 Wn. App. 782, 785-86, 197 P.3d 710 (2008). Whether the amount of fees awarded was reasonable is reviewed for an abuse of discretion. Am. Nat'l Fire Ins. Co. v. B&L Trucking & Constr. Co., 82 Wn. App. 646, 669, 920 P.2d 192 (1996), aff'd, 134 Wn.2d 413, 951 P.2d 250 (1998).

A prevailing party is one who receives an affirmative judgment in his or her favor. Riss v. Angel, 131 Wn.2d 612, 633, 934 P.2d 669 (1997). "If neither wholly prevails, then the determination of who is a prevailing party depends upon who is the substantially prevailing party, and this question depends upon the

extent of the relief afforded the parties." Riss, 131 Wn.2d at 633. "Under the lodestar methodology, a court must first determine that counsel expended a reasonable number of hours in securing a successful recovery for the client. Necessarily, this decision requires the court to exclude from the requested hours any wasteful or duplicative hours and any hours pertaining to unsuccessful theories or claims." Mahler v. Szucs, 135 Wn.2d 398, 434, 957 P.2d 632, 966 P.2d 305 (1998). The party seeking fees bears the burden of proving the reasonableness of the fees. Mahler, 135 Wn.2d at 434.

B

AKS brought this suit against Hedlund for an alleged violation of the Agreement. "The issue here is a simple contractual issue—whether or not Hedlund violated a contract he signed with his former employer." Hedlund, 180 Wn. App. at 603. As the trial court determined on summary judgment, he had not. There is no dispute that, pursuant to the fee shifting provision of the Agreement, Hedlund is entitled to recover attorney fees and costs incurred in defending against that claim.[3]

But Hedlund did more than simply defend against the merits of the claim. Rather than promptly moving for summary judgment, Hedlund opted to first pursue an independent legal theory that, if successful, would have resulted in an award of $10,000 in addition to attorney fees and costs.

---

[3] It is for this reason that Hedlund is entitled to fees and costs associated with the Georgia proceeding. AKS first filed its breach of contract claim against John Doe and then sought to compel the identity of the anonymous poster. This was an action to enforce the Agreement. Pursuant to the fee shifting provision, Hedlund is entitled to recover attorney fees and costs stemming from actions brought to enforce the Agreement.

The parties dispute whether Hedlund's anti-SLAPP motion constituted a "claim" against which AKS could prevail. But "Washington case law recognizes that a reasonableness determination requires the court to exclude 'any hours pertaining to unsuccessful *theories* or claims.'" SAK & Assocs., Inc. v. Ferguson Constr., Inc., 189 Wn. App. 405, 421, 357 P.3d 671 (2015) (quoting Mahler, 135 Wn.2d at 434). Hedlund's anti-SLAPP motion advanced a legal theory separate and distinct from the merits of the contractual claim. Our determination that Hedlund did not meet the threshold standard for application of the anti-SLAPP statute confirmed that his legal theory was wholly unsuccessful. Hedlund, 180 Wn. App. at 603-04.

By failing to discount the hours spent on Hedlund's anti-SLAPP motion from the fee award, the trial court awarded Hedlund fees and costs associated with an unnecessary and unsuccessful legal theory. In so doing, the trial court erred. Accordingly, we reverse the trial court's order and remand for entry of an award that excludes attorney fees and costs incurred in Hedlund's appeals to this court and the Supreme Court, including the appellate award assessed against him that was deemed a cost by the trial court.[4]

---

[4] Hedlund and AKS each request an award of appellate fees and costs pursuant to RAP 18.1 and the fee shifting provision of the Agreement. As AKS prevailed in this court, it is entitled to an award of appellate costs. But because Hedlund was both the prevailing party on the ultimate issue and the losing party in this stage of the proceeding, neither party is entitled to an award of appellate fees. Upon compliance with RAP 18.1, a commissioner of this court will enter an appropriate cost award.

Reversed.

_Dwyer, J._

We concur:

_Leach, J._        _Appelwick, J._