# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| WEDGEWOOD MANOR HOMEOWNERS ASSOCIATION, a nonprofit corporation,<br><br>          Respondent,<br><br>          v.<br><br>GEORGE BERKA JR.,<br><br>          Appellant. | DIVISION ONE<br><br>No. 82746-4-I<br><br>UNPUBLISHED OPINION |

DWYER, J. — George Berka Jr. appeals from the trial court's order granting the motion for summary judgment filed by the Wedgewood Manor Homeowners Association (the Association) and awarding the Association attorney fees and costs. Berka asserts that the trial court erred by granting the summary judgment motion because, according to Berka, genuine issues of material fact exist as to whether the Association breached its fiduciary duty under RCW 11.98.071[1] by not adequately managing the money received through certain assessments. Additionally, Berka contends that the trial court erred by denying both his motion to continue the trial date and his motion seeking a continuance to obtain additional discovery. Finally, Berka asserts that the trial court erred in awarding the Association attorney fees and costs. Because Berka fails to establish an entitlement to relief on any of his claims, we affirm.

---

[1] This statute regards the circumstances under which a trustee may delegate its duties over the management of a trust.

I

Berka owns a condominium located at a condominium complex managed by the Association.  On July 1, 2020, the Association filed a complaint against Berka.  In this complaint, the Association asserted that Berka failed to pay certain assessments and other charges that were required to be paid pursuant to the Declaration and Covenants, Conditions, Restrictions and Reservations (the Declaration) applicable to the condominium complex.  The Association also requested that, "in the event Defendant does not satisfy the judgment in this action promptly upon its entry, the lien of the Judgment [may] be foreclosed."  Additionally, the Association requested an award of attorney fees and costs pursuant to the Declaration.

On October 12, 2020, Berka filed an amended answer to the complaint.  In this answer, Berka stated that he "admits . . . that he has not paid the requested dues and special assessments in full lately."  However, Berka asserted that he should be personally exempt from paying these assessments because, in essence, he believed that the Association did not frugally manage the condominium complex.

On March 31, 2021, Berka filed a motion seeking to continue the trial date one year from a date in June 2021 to June 28, 2022.  In support of this motion, Berka averred that, as a result of the COVID-19 pandemic, he did not feel safe traveling in an airplane from his residence in Connecticut to Washington.  On April 12, the Association filed a response to Berka's motion to continue.  In this response, the Association asserted that Berka's motion was untimely because

the order setting the case schedule contained a deadline of March 22, 2021 to request a change to the trial date. On April 20, the trial court entered an order denying Berka's motion.

On May 4, 2021, the Association filed a motion for summary judgment. In support of this motion, the Association filed various documents, including a copy of the Declaration and a declaration of the president of the board of the Association. In his declaration, which was supported with several attachments, the president of the board stated that Berka's "unpaid assessments, fees and costs total[led] $18[,]222.14." The Association also requested an award of attorney fees and costs pursuant to section 13.11 of the Declaration.

On May 14, 2021, Berka filed a response to the summary judgment motion. In this response, Berka did not contest that he failed to pay the assessments and other charges in question. Instead, Berka claimed that (1) the cost of a plumbing repair project at the condominium complex may be excessive, (2) the Association has not explained why the front gate of the condominium complex had not been operational for 21 years, (3) the assessments imposed by the Association should be reduced, (4) the Association violated its fiduciary duty as a result of the manner in which it spent money received from the assessments, and (5) the award of attorney fees requested by the Association was unreasonable.

Subsequently, on May 20, 2021, Berka filed a motion wherein he requested a continuance to obtain additional discovery. In particular, Berka sought an opportunity to personally inspect the proposed plumbing repairs at the

Wedgewood Manor condominium complex "within the next three (3) calendar months."  In response to this motion, the Association asserted that this request was untimely because the order setting the case schedule contained a discovery cut-off date of May 10, 2021.  On June 2, the trial court entered an order denying Berka's request for a continuance to obtain additional discovery.

On June 4, 2021, the trial court heard the Association's motion for summary judgment via a video teleconference.  During the hearing, the trial court expressed its intent to grant the motion.  In so doing, the trial court reasoned that "Mr. Berka does not dispute that he has not paid" the assessments and other charges in question.  Additionally, the trial court expressed that the Association was entitled to an award of attorney fees and costs pursuant to the Declaration.

That same day, the trial court entered a written order granting the motion for summary judgment and awarding the Association attorney fees and costs.  In this order, the trial court explained that, "[s]hould the Defendant George Berka, Jr. fail to satisfy the monetary portion of this judgment within sixty (60) days of its entry, the Plaintiff's lien filed against Defendant George Berka, Jr[.]'s Wedgewood Manor Homeowners Association's property . . . may be foreclosed."

Berka appeals.

II

Berka asserts that the trial court erred by granting the Association's motion for summary judgment.  This is so, Berka avers, because the Association breached its fiduciary duty under RCW 11.98.071 by not adequately managing the money received through the assessments imposed on condominium

4

owners.[2] However, Berka does not cite to any applicable authority in support of this claim. Additionally, Berka does not dispute that he failed to pay the assessments and other charges in question. Accordingly, the trial court properly granted the motion.

We review an order granting summary judgment de novo, performing the same inquiry as the trial court. Nichols v. Peterson Nw., Inc., 197 Wn. App. 491, 498, 389 P.3d 617 (2016). In so doing, we draw "all inferences in favor of the nonmoving party." U.S. Oil & Ref. Co. v. Lee & Eastes Tank Lines, Inc., 104 Wn. App. 823, 830, 16 P.3d 1278 (2001). Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c).

In support of its motion for summary judgment, the Association filed various documents, including a copy of the Declaration and a declaration of the president of the board of the Association. The Declaration authorizes the board of the Association to impose assessments and other charges on condominium owners at the Wedgewood Manor condominium complex.[3] Additionally, the

---

[2] The Association contends that we should not review this argument because Berka did not include a section devoted to assignments of error in his opening brief. This is a requirement imposed by the rules of appellate procedure. Riley v. Iron Gate Self Storage, 198 Wn. App. 692, 713, 395 P.3d 1059 (2017); RAP 10.3(a)(4). However, we have the discretion to "waive or alter the provisions of any of these rules in order to serve the ends of justice." RAP 1.2(c). Here, Berka devotes a section of his brief to challenging the trial court's summary judgment ruling, asserting that he is entitled to appellate relief pursuant to RCW 11.98.071. This is sufficient to call our attention to the grant of summary judgment. Additionally, because the Association requests an award of attorney fees on appeal, we analyze the merits of the trial court's summary judgment ruling to determine whether the Association is entitled to such an award.

[3] The Declaration provides, in pertinent part:

declaration of the president of the board provided that Berka's "unpaid assessments, fees and costs total[led] $18[,]222.14." Berka does not contest that the unpaid assessments and other charges amounted to $18,222.14. Nor does he contest that the Association was entitled to impose these charges pursuant to the Declaration. For these reasons alone, the trial court did not err by granting the Association's motion for summary judgment.

Nevertheless, Berka asserts that he should be personally exempt from paying these charges because the Association breached its fiduciary duty under RCW 11.98.071. However, this statute regards the circumstances under which a trustee may delegate its duties over the management of a trust. RCW 11.98.071. Because the Association does not manage a trust, this statute does not apply to the Association. Therefore, Berka fails to establish a genuine issue of material

---

13.8 <u>Lien Indebtedness</u>. Each monthly assessment and each special assessment shall be joint and several personal debts and obligations of the owner or owners and contract purchasers of apartments for which the same are assessed as of the time the assessment is made and shall be collectible as such. In the event an owner or owners are more than 60 days delinquent in the payment of any assessment, the Board may elect to declare the entire year's assessments immediately due and payable. The Board may assess a late charge for any month in which assessments are not paid and may assess a charge for any check returned for non-sufficient funds, which shall be in addition to any interest due. Such charges shall be as established by resolution of the Board. The amount of any assessment, whether regular or special, assessed to any apartment and the owner and/or purchaser of any apartment, plus interest at the rate of 12% per annum, late charges, bad check charges, and costs, including reasonable attorney fees, shall be a lien upon such apartment, the appurtenant limited common area and the exclusive use thereof. The said lien for payment of such assessments shall have priority over all other liens and encumbrances, recorded or unrecorded, except that such priority shall be limited as provided in RCW 64.32.200(2) . . .
. . . .
Suit to recover a money judgment for unpaid assessments shall be maintainable without foreclosure or waiving the lien securing the same.

fact as to whether he was required to pay the assessments and other charges in question.[4]

Accordingly, the trial court properly granted the motion for summary judgment.

III

Berka next asserts that the trial court erred by denying his motion to continue the trial date. We disagree.

"The decision to grant a continuance is at the discretion of the trial court and its decision will be upheld absent an abuse of discretion." Harris v. Drake, 152 Wn.2d 480, 493, 99 P.3d 872 (2004). "A trial court abuses its discretion if its decision is manifestly unreasonable, exercised on untenable grounds, or is arbitrary." Harris, 152 Wn.2d at 493.

Berka contends that the trial court erred by denying his motion to continue the trial date one year from a date in June 2021 to June 28, 2022. For at least two reasons, however, Berka is not entitled to appellate relief on this claim. First, because the trial court granted the Association's motion for summary judgment, the lawsuit did not go to trial. As such, Berka was not prejudiced by the trial court's ruling.

---

[4] Berka also raises various complaints with regard to whether the Association mismanaged the money received through the assessments in dispute. For example, Berka claims that he is aware of a homeowners association in California that charges property owners less money per year than does the Association. Additionally, Berka contends that, based on his experience as a licensed aircraft mechanic, the Association might be able to expend less money on plumbing repairs. However, none of these complaints regard whether Berka was required to pay the balance of $18,222.14. Accordingly, Berka fails to establish a genuine issue of material fact as to whether he was required to pay this balance.

Second, Berka's motion was not timely filed. Indeed, Berka filed his motion on March 31, 2021, which was after the March 22, 2021 deadline to request a change to the trial date. The King County Local Civil Rules limit the circumstances under which a late motion to continue the trial date may be granted. In particular, Local Civil Rule 40(e)(2) provides: "If a motion to change the trial date is made after the Final Date to Change Trial Date, as established by the Case Schedule, the motion will not be granted except under extraordinary circumstances where there is no alternative means of preventing a substantial injustice." Berka asserts that the trial date should have been continued by one year because, as a result of the COVID-19 pandemic, he did not feel safe traveling in an airplane from his residence in Connecticut to Washington. However, Berka's physical presence was not required for the case to proceed to trial. Indeed, the trial court herein heard the motion for summary judgment via a video teleconference. Had the case proceeded to trial, Berka could have requested that the trial be conducted in the same manner. Therefore, Berka did not establish that a continuance was necessary to prevent a substantial injustice.[5]

Accordingly, Berka fails to establish an entitlement to relief on this claim.

IV

Berka also contends that the trial court erred by denying his motion requesting a continuance to obtain additional discovery. Berka filed this motion

---

[5] In his opening brief, Berka also asserts that "the pandemic would have considerably complicated the Defendant's live (in person) hearing before a jury." Br. of Appellant at 5. However, the record does not contain a formal request for a jury trial from either Berka or the Association. Accordingly, Berka's assertion is without merit.

after the discovery cut-off date and after the Association moved for summary judgment. Additionally, in his motion, Berka did not explain how the information that he sought would raise an issue of material fact to preclude summary judgment. Accordingly, the trial court did not err by denying Berka's motion.

A trial court has the discretion to continue a motion for summary judgment in the following circumstances:

> CR 56(f) permits a trial court to continue a summary judgment motion when the party seeking a continuance offers a good reason for the delay in obtaining the discovery. In addition, the party must provide an affidavit stating what evidence the party seeks and how it will raise an issue of material fact to preclude summary judgment.

Durand v. HIMC Corp., 151 Wn. App. 818, 828, 214 P.3d 189 (2009).

On May 4, 2021, the Association filed a motion for summary judgment. Over two weeks later, on May 20, Berka filed a motion requesting a continuance to obtain additional discovery. In particular, Berka requested "the opportunity to personally and fully inspect, within the next three (3) calendar months, the *entire* proposed Wedgewood plumbing repair construction site." On June 2, the trial court denied Berka's motion.

The trial court did not err by so doing. Indeed, Berka's motion was untimely because he filed the motion both after the Association moved for summary judgment and after the May 10, 2021 discovery cut-off date. Despite the tardiness of this motion, Berka did not provide the trial court with an affidavit explaining how the evidence sought would establish a genuine issue of material fact to preclude summary judgment. See Durand, 151 Wn. App. at 828. In any event, the evidence sought by Berka had nothing to do with whether he was

9

required to pay any assessments or other charges. As such, it would not have raised a genuine issue of material fact on the Association's claim.[6]

Accordingly, the trial court properly denied this motion.

V

Finally, Berka asserts that the trial court erred by awarding the Association attorney fees and costs. However, the Association was entitled to an award of attorney fees and costs pursuant to the Declaration. Additionally, Berka fails to demonstrate that the award of attorney fees was unreasonable. Accordingly, the trial court did not err by entering this award.

When reviewing an award of attorney fees, we first review de novo whether a legal basis exists for the award. Pierce v. Bill & Melinda Gates Found., 15 Wn. App. 2d 419, 446-47, 475 P.3d 1011 (2020), review denied, 197 Wn.2d 1006 (2021). We then "apply an abuse of discretion standard to a decision to award or deny attorney fees and the reasonableness of any such attorney fee award." Pierce, 15 Wn. App. 2d at 447.

The trial court awarded attorney fees and costs to the Association pursuant to section 13.11 of the Declaration, which provides:

> The Declarant, manager, or Board on behalf of the Association may initiate [an] action to foreclose the lien of any assessment. In any action to foreclose a lien against any apartment for nonpayment of delinquent assessments, any judgment rendered against the owners of such apartment in favor of the Association shall include a

_____

[6] In this motion, Berka also requested "a four (4) month continuance for the trial or any upcoming hearings, so that he may conduct this evaluation, and attempt to obtain his own estimate." However, because no trial occurred, Berka was not prejudiced by the trial court's ruling denying his request. Furthermore, Berka filed this request on May 20, 2021, which was after the March 22, 2021 deadline to request a change to the trial date. Because the evidence sought by Berka had no bearing on whether he was required to pay any assessments or other charges, Berka did not establish that a four month continuance to the trial date was necessary to prevent a substantial injustice. See Local Civil Rule 40(e)(2).

reasonable sum for attorney fees and all costs and expenses reasonably incurred in preparation for or in the prosecution of said action, in addition to taxable costs permitted by law.

Whether a contractual provision authorizes an award of attorney fees is a question of law reviewed de novo. Kaintz v. PLG, Inc., 147 Wn. App. 782, 785-86, 197 P.3d 710 (2008). Under the plain language of section 13.11 of the Declaration, the Association is entitled to an award of attorney fees and costs "[i]n any action to foreclose a lien against any apartment for nonpayment of delinquent assessments." Additionally, such an award "shall include a reasonable sum for attorney fees and all costs and expenses reasonably incurred in preparation for or in the prosecution of said action."

In its complaint, the Association requested that, "in the event Defendant does not satisfy the judgment in this action promptly upon its entry, the lien of the Judgment [may] be foreclosed." The Association prevailed on this request for relief. Indeed, in its order granting the motion for summary judgment, the trial court stated: "Should the Defendant George Berka, Jr. fail to satisfy the monetary portion of this judgment within sixty (60) days of its entry, the Plaintiff's lien filed against Defendant George Berka, Jr[.]'s Wedgewood Manor Homeowners Association's property . . . may be foreclosed." Because the Association prevailed in this action seeking the right to foreclose on its lien, the trial court properly ruled that the Association was entitled to an award of attorney fees and costs under section 13.11 of the Declaration.

Furthermore, the award of attorney fees entered by the trial court was reasonable. We have explained that

11

> [o]ne established method of determining a reasonable attorney fee award is the lodestar method. Mahler v. Szucs, 135 Wn.2d 398, 433, 957 P.2d 632 (1998). Under this method, the trial court first examines the attorneys' billing records and determines the number of hours that were reasonably expended in pursuing the litigation. Mahler, 135 Wn.2d at 433-34. The total number of hours reasonably expended is then multiplied by the reasonable hourly rate of compensation resulting in the lodestar fee. Mahler, 135 Wn.2d at 434.

Baker v. Fireman's Fund Ins. Co., 5 Wn. App. 2d 604, 615, 428 P.3d 155 (2018).

In support of the motion for summary judgment, the Association's attorney submitted billing records detailing the work that he expended on this case. The rate that he charged the Association amounted to $275 per hour. During the summary judgment hearing, the trial court applied the lodestar method and determined that the requested award of attorney fees of $8,547.47 was reasonable. The trial court did not abuse its discretion by entering this award.

Accordingly, Berka's assignment of error fails.

VI

The Association requests an award of attorney fees and costs on appeal pursuant to RAP 18.1 and section 13.11 of the Declaration.[7] Because the Association prevailed on appeal, it is entitled to an award of attorney fees pursuant to this section of the Declaration. Upon a proper application, a commissioner of our court will enter an appropriate order. See RAP 18.1.

---

[7] The Association also requests an award of attorney fees on appeal pursuant to RCW 64.34.455. Because this statute was not a basis on which the trial court awarded attorney fees, we decline to award fees on this basis.

Affirmed.

_____

WE CONCUR:

_____     _____