# THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| BENJAMIN ORVOLD and COREY ORVOLD, husband and wife, and the marital community composed thereof, | No. 57103-0-II |
| Appellants/Cross Respondents, | |
| v. | UNPUBLISHED OPINION |
| SERGEY KOTELEVSKIY, a married man, NATASHA KOTELEVSKIY, a married woman, and the marital community composed thereof; and JMFB-3 LLC, a limited liability company, | |
| Respondents/Cross-Appellants. | |

CHE, J. — Benjamin and Corey Orvold appeal the grant of partial summary judgment dismissing breach of warranty and corporate disregard claims against Sergey and Natasha Kotelevskiy individually; the Kotelevskiys cross appeal the denial of their motion for attorney fees. In August 2015, Sergey Kotelevskiy (Kotelevskiy), through a limited liability company (LLC), conveyed real property to the Orvolds by way of a statutory warranty deed. In March 2019, Kotelevskiy received notice of an adverse possession action concerning the property conveyed to the Orvolds. The Orvolds demanded that Kotelevskiy defend the Orvolds' title. Kotelevskiy declined.

The Orvolds brought suit against the Kotelevskiys individually and the LLC alleging two causes of action: (1) breach of warranties for conveying property that was adversely possessed

and failing to defend the Orvolds' title and, in the alternative, (2) corporate disregard. The Kotelevskiys moved for partial summary judgment to dismiss the claim against them personally, arguing that the Orvolds had not produced evidence of fraud, misrepresentation, or manipulation of the corporate form as required to pierce the LLC's veil. The Kotelevskiys do not dispute that the Orvolds have a deed claim against the LLC. The trial court granted partial summary judgment in favor of the Kotelevskiys, dismissing the claims against them personally. The trial court also denied the Kotelevskiys' motion for fees. The Orvolds appeal the trial court's partial summary judgment order and the Kotelevskiys cross appeal the trial court's denial of their motion for fees.

We affirm the trial court's orders granting partial summary judgment for the Kotelevskiys and denying attorney fees for the Kotelevskiys. Additionally, we decline to award fees on appeal to either party.

FACTS

In September 2014, Justin Bartlett, a real estate broker, formed JMFB-3, LLC (LLC). Bartlett, through the LLC, entered into a purchase and sale agreement for property located in Puyallup, Washington. Bartlett assigned the LLC to Kotelevskiy. Kotelevskiy provided earnest money for the Puyallup property sale using a personal check. Following the sale, the property was conveyed to the LLC.

In August 2015, the LLC conveyed the property, its only asset, to the Orvolds by way of a statutory warranty deed. The statutory warranty deed guaranteed that the grantor would defend the title should it be challenged in a future action. The sale was completed using Kotelevskiy's social security number because the LLC did not have a tax identification number. In his

declaration, Kotelevskiy explained that he used his social security number for the LLC because he believed IRS procedures allowed him to report the single member LLC's revenue under his own 1040 tax return. The sale proceeds were distributed directly into Kotelevskiy's personal bank account because the LLC did not have a bank account at that time.

Later, Kotelevskiy changed the name of the LLC intending to use it for a contracting business. At some point after the sale to the Orvolds, Kotelevskiy created a separate bank account for the LLC; however, the account was rarely used because the LLC did little business. The LLC "sat idle for two years" until 2017 when Kotelevskiy acquired a gift of real property that was conveyed to the LLC. Clerk's Papers (CP) at 31. Unable to build an entire home on the property, Kotelevskiy, through the LLC, conveyed the gifted property to a construction company.

More than three years after the sale of the Orvold property, Kotelevskiy allowed the LLC's registration to lapse and the LLC was administratively dissolved in 2019. Since the LLC's transaction with the Orvolds, Kotelevskiy has purchased and sold multiple properties in his name.

In March 2019, the Orvolds demanded that Kotelevskiy defend the Orvolds' title against an adverse possession claim.[1] Kotelevskiy did not defend the Orvolds' title.

In April 2021, the Orvolds brought suit against the LLC and the Kotelevskiys individually, alleging breach of warranties and, in the alternative, that they used the LLC and its

---

[1] The Orvolds' neighbors, Mark and Debra Martin, brought suit for quiet title to a portion of the Orvolds' property. The trial court found that the Martins adversely possessed a portion of the Orvolds' property and granted the Martins' entire claim to the portion of the property. The trial court also awarded the Martins attorney fees and costs. The Orvolds appealed and this court affirmed, granting the Martins further attorney fees and costs on appeal.

corporate form to evade the duty to defend title to the Puyallup property. Kotelevskiy maintained he did not have any personal duties to the Orvolds and that the LLC alone had duties to the Orvolds. The Orvolds sought an award of attorney fees and costs.

In August 2021, the Kotelevskiys moved for partial summary judgment seeking to be dismissed as individual defendants and awarded attorney fees and costs. The Kotelevskiys argued that dismissal was proper as there was no causation, fraud, misrepresentation or improper conduct in the transaction between the Orvolds and the LLC.

In response, the Orvolds explained that the underlying claim was for breach of warranties and that piercing the LLC's veil was necessary to determine if the individual defendants were liable for that breach. The Orvolds alleged that the LLC was Kotelevskiy's alter ego because corporate formalities were not followed and the transaction was conducted as though Kotelevskiy was acting in his personal capacity.

The trial court denied the Kotelevskiys' motion, explaining that the motion was premature and that there were genuine issues of material fact. The trial court granted the Orvolds' motion to amend their complaint.[2] In their amended complaint the Orvolds argued that the LLC was Kotelevskiy's alter ego or, in the alternative, that Kotelevskiy used the LLC to evade a duty.

In May 2022, the Kotelevskiys renewed their motion for partial summary judgment. In their renewed motion, the Kotelevskiys argued that discovery had not produced evidence of

---

[2] In their initial complaint, the Orvolds brought suit against the Kotelevskiys individually on the basis that the LLC was unformed and unfiled. The Orvolds subsequently discovered that the LLC was properly formed. Accordingly, the trial court granted the Orvolds' motion to amend their complaint to assert a new basis to disregard the LLC and hold the Kotelevskiys personally liable.

fraud, misrepresentation, or manipulation of the corporate form as required to pierce the LLC's veil. The Kotelevskiys emphasized the Orvolds' discovery responses, which explained that the Orvolds were not alleging that the Kotelevskiys committed fraud. Instead the Orvolds were alleging "that, if the corporate form is not disregarded, the LLC would act as a shield to perpetrate a fraud upon us." CP at 280.

The Orvolds further stated that they did not seek any documents from the Kotelevskiys individually or the LLC prior to their sale closing. The Orvolds were unable to produce any communications with the Kotelevskiys prior to their closing. Instead, the Orvolds explained that all of the facts supporting their disregard claim were learned after the sale of the property and that, at the time of the sale, the Orvolds had no reason to believe the LLC was a shell entity or alter ego of Kotelevskiy. When asked what duty Kotelevskiy evaded by using the LLC, the Orvolds stated that, under their deed warranties, Kotelevskiy owed a duty as a potential creditor.

The trial court granted partial summary judgment in favor of the Kotelevskiys, dismissing the Kotelevskiys individually and reserving any issue of fees for a CR 54 motion. Later, the trial court denied the Kotelevskiys' motion for attorney fees.

The Orvolds appeal the trial court's partial summary judgment order and the Kotelevskiys cross-appeal the trial court's denial of their motion for attorney fees.

ANALYSIS

I. STANDARD OF REVIEW

Performing the same inquiry as the trial court, we review grants of summary judgment de novo. *Landstar Inway Inc. v. Samrow*, 181 Wn. App. 109, 120, 325 P.3d 327 (2014). Under

CR 56(c), "[s]ummary judgment is appropriate where there is no material issue of fact and the moving party is entitled to judgment as a matter of law." *Id.*

## II. ALTER EGO DOCTRINE

The Orvolds claim that under the warranty deed, the grantor had the obligation to defend the title that the grantor transferred to them. Thus, the LLC had an obligation to defend against the adverse possession claim when demanded. Additionally, the Orvolds claim that the Kotelevskiys had the same duty as individuals.

The Orvolds argue that the trial court erred in dismissing their claims against the Kotelevskiys under the alter ego doctrine due to a lack of fraud or wrongdoing. Specifically, the Orvolds contend that the alter ego doctrine does not require fraud or detrimental reliance and that it provides for personal liability when the corporation and the individual are one and the same such that the acts of the individual are acts of the corporation. Thus, the Kotelevskiys' failure to individually defend against the Orvolds' adverse possession claim provides the Orvolds with this cause of action. At oral argument, the Orvolds claimed that the alter ego doctrine is a completely separate standard from the doctrine of piercing the corporate veil such that the alter ego doctrine does not require any finding of misconduct or fraudulent activities.

The Kotelevskiys argue that the alter ego doctrine does not attribute the actions of entities to its owners and that the Orvolds are actually attempting to pierce the LLC's veil. The Kotelevskiys do not dispute that the Orvolds have a deed claim against the LLC. The Kotelevskiys contend that the Orvolds are trying to go behind the LLC and apply the deed warranties to the member of the LLC. The Kotelevskiys further argue that the alter ego doctrine

6

requires causation and that none of the facts asserted by the Orvolds justify disregarding the corporate entity. We agree with the Kotelevskiys.

RCW 64.04.030 governs statutory warranty deeds. *Edmonson v. Popchoi*, 172 Wn.2d 272, 278, 256 P.3d 1223 (2011). Under RCW 64.04.030, where property is conveyed by a warranty deed, the grantor warrants that they "will defend the title thereto against all persons who may lawfully claim the same."

Generally, we recognize the corporate entity as existing separate and apart from its directors, officers, and stockholders. *Block v. Olympic Health Spa, Inc.*, 24 Wn. App. 938, 944, 604 P.2d 1317 (1979). However, in exceptional situations, "the corporate entity will be disregarded where its recognition would aid in perpetrating a fraud or result in a manifest injustice." *Truckweld Equip. Co. v. Olson*, 26 Wn. App. 638, 644, 618 P.2d 1017 (1980).

"The doctrine of disregarding the corporate entity or piercing the corporate veil is an equitable remedy imposed to rectify an abuse of the corporate privilege." *Id.* at 643. The doctrine requires two factors: "[f]irst, the corporate form must be intentionally used to violate or evade a duty; second, disregard must be 'necessary and required to prevent unjustified loss to the injured party.'" *Meisel v. M&N Modern Hydraulic Press Co.*, 97 Wn.2d 403, 410, 645 P.2d 689 (1982) (quoting *Morgan v. Burks*, 93 Wn.2d 580, 587, 611 P.2d 751 (1980)). Reasons for disregarding the corporate entity and imposing liability directly on a corporate officer include "public advantage, requirements of justice, alter ego, fraud, bad faith, or other wrong." *Harrison v. Puga*, 4 Wn. App. 52, 62, 480 P.2d 247 (1971).

Under the alter ego doctrine, "'[w]here a private person so dominates and controls a corporation that such corporation is his *alter ego*, a court is justified in piercing the veil of

corporate entity and holding that the corporation and private person are one and the same.'" *Standard Fire Ins. Co. v. Blakeslee*, 54 Wn. App. 1, 5, 771 P.2d 1172 (1989) (quoting *Pohlman Inv. Co. v. Virginia City Gold Mining Co.*, 184 Wn. 273, 283, 51 P.2d 363 (1935)). The doctrine is "applied when 'the corporate entity has been disregarded by the principals themselves so that there is such a unity of ownership and interest that the separateness of the corporation has ceased to exist.'" *Grayson v. Nordic Const. Co., Inc.*, 92 Wn.2d 548, 553, 599 P.2d 1271 (1979) (quoting *Burns v. Norwesco Marine, Inc.*, 13 Wn. App. 414, 418, 535 P.2d 860 (1975)).

The alter ego doctrine has been most commonly used to impose personal liability on corporate officers for fraud committed by the corporation. *Blakeslee*, 54 Wn. App. at 5-6. However, the doctrine may also impose liability on a corporation for the individual acts of its "shareholders who owned all or substantially all of the corporation's stock." *Id.* at 6.

In determining whether a corporation is the alter ego of a corporate officer, our Supreme Court has considered whether there is evidence "that corporate records or formalities were not kept" and whether there was "an overt intention by [the corporate officer] to disregard the corporate entity." *Grayson*, 92 Wn.2d at 553. However, the mere "informality in the operation of a closely held corporation" will not lead to disregard where "the informality neither prejudices nor misleads the plaintiff." *Roderick Timber Co. v. Willapa Harbor Cedar Products, Inc.*, 29 Wn. App. 311, 315, 627 P.2d 1352 (1981).

Here, assuming without deciding that the LLC was Kotelevskiy's alter ego, partial summary judgment was appropriate because the Orvolds failed to put forward any facts demonstrating (1) that the corporate form was intentionally used to violate or evade a duty and (2) that the informality with which Kotelevskiy operated the LLC misled or prejudiced them.

Moreover, none of the cases cited to by the Orvolds state that alter ego liability does not require fraud, misrepresentation, or other misconduct. Rather, in each of these cases where alter ego liability is discussed as a method of piercing the corporate veil, there is some form of misconduct. *See Columbia Asset Recovery Grp., LLC v. Kelly*, 177 Wn. App. 475, 312 P.3d 687 (2013) (failed to satisfy a personal guarantee); *see also Grayson*, 92 Wn.2d at 554 (directed the mailing of a deceptive advertising brochure).

The Orvolds contend that Kotelevskiy "owed [the Orvolds] a duty as a potential creditor, given the warranties made in the Statutory Warranty Deed." CP at 280. But the deed is between the grantor, the LLC, and the grantee, the Orvolds. Thus, any duties owed to the Orvolds under the deed were owed by the LLC and the Kotelevskiys do not dispute that the Orvolds have a deed claim against the LLC.

Furthermore, although the record suggests that Kotelevskiy did not maintain corporate formalities, the Orvolds have not demonstrated that they were misled or prejudiced by this informality. Kotelevskiy, as the LLC's sole member, operated the LLC in an informal manner, using his personal funds to purchase the property, his social security number to complete the sale to the Orvolds, and his personal bank account for receipt of the sale's proceeds. However, the Orvolds have provided no facts that demonstrate how this informality misled or prejudiced the Orvolds.

Instead, the Orvolds entered into a sale agreement with the LLC without having reviewed any documents related to the Kotelevskiys personally or the LLC. The Orvolds explicitly stated that at "the time of the sale, [they] had no reason to believe the LLC was a shell entity/alter ego" and that the facts supporting their disregard claim were learned after they purchased the property.

9

CP at 276. Moreover, the Orvolds explicitly stated that they "are not alleging that [the Kotelevskiys] committed fraud" nor that Kotelevskiy's "contributions of personal funds harmed [the Orvolds]." CP at 280, 278.

Accordingly, partial summary judgment is appropriate because the Orvolds failed to provide any facts (1) that Kotelevskiy intentionally used the LLC to evade or violate a duty or (2) that Kotelevskiy, in failing to maintain corporate formalities, misled or prejudiced the Orvolds. Thus, there is no genuine issue of material fact and the trial court properly granted partial summary judgment for the Kotelevskiys personally as a matter of law.

## ATTORNEY FEES

The Orvolds argue that they are entitled to an award of costs and fees on appeal under RAP 18.1 because the Kotelevskiys failed to defend their title. In the Kotelevskiys' cross-appeal, they appear to argue that the trial court erred in denying their motion for attorney fees because they were entitled to an award of fees under the mutuality of remedy doctrine and that for this same reason, they are entitled to attorney fees on appeal. We hold the Kotelevskiys were not entitled to attorney fees below and neither party is entitled to attorney fees on appeal.

We may award fees on appeal under RAP 18.1(a) if "applicable law grants to a party the right to recover reasonable attorney fees or expenses on review" and the party properly requests it. In Washington, a court may award attorney fees when authorized by a statute, contract, or a recognized ground in equity. *Kaintz v. PLG, Inc.*, 147 Wn. App. 782, 785, 197 P.3d 710 (2008). We engage in de novo review to determine whether there is a legal basis to award attorney fees. *Falcon Props. LLC v. Bowfits 1308 LLC*, 16 Wn. App. 2d 1, 11, 478 P.3d 134 (2020).

In real property cases, where a grantor is found to have breached the warranty to defend, they are liable for the attorney fees incurred by the grantee in defending their title. *Edmonson*, 172 Wn.2d at 283.

Under RCW 4.84.330, in any contract action where the contract "specifically provides that attorneys' fees and costs" incurred in enforcing the contract "shall be awarded to one of the parties, the prevailing party . . . shall be entitled to reasonable attorneys' fees." Mutuality of remedy, an equitable principle, supports "the award of attorney fees to the prevailing party in an action brought on a contract." *Kaintz*, 147 Wn. App. at 784. The principle can support an award of attorney fees "even in circumstances in which the party that prevailed did so by establishing that the contract at issue was unenforceable or inapplicable." *Id.*

Here, the Orvolds brought a breach of warranties claim against the Kotelevskiys. As discussed above, the trial court did not err in granting partial summary judgment dismissing the Kotelevskiys. We recognize that there remains litigation pending against the LLC, of which Kotelevskiy is the sole member. As to the Kotelevskiys' mutuality of remedy argument, mutuality of remedy does not apply here because the Kotelevskiys are not parties to the statutory warranty deed. Just as the Kotelevskiys are not personally liable for defending the Orvolds' title, they were not entitled to an award of attorney fees below. While attorney fees may be awarded in equity, it is not required.

Thus, we hold that the trial court did not err in denying the Kotelevskiys' motion for attorney fees. For the same reasons, the Kotelevskiys are not entitled to attorney fees on appeal. Finally, the Orvolds did not prevail on appeal, so we decline to grant them attorney fees on appeal.

11

No. 57103-0-II

CONCLUSION

We affirm the trial court and decline to award fees to either party.

A majority of the panel having determined that this opinion will not be printed in the

Washington Appellate Reports, but will be filed for public record in accordance with RCW

2.06.040, it is so ordered.

_____
Che, J.

We concur:

_____
Glasgow, C.J

_____
Veljacic, J.

12